JOSEPH S. NOWELL AND OTHERS' APPEAL FROM COMMISSIONERS.

The statute (Gen. Statutes, p. 390, sec. 13,) provides that the commissioners on an insolvent estate shall find and report the value of any security held by a creditor presenting a claim against the estate, and that unless the creditor shall, within fifteen days after the return of the commissioners' report to the court of probate, lodge with the court

a certificate of his election to relinquish such security, he shall be entitled to a dividend only upon the excess of his claim above the value of the security. The 15th section of the statute provides for an appeal to the Superior Court from "the doings of the commissioners." Held that an appeal lies from their doings in making a valuation of such security.

[Argued May 31st—decided July 3d, 1833.

APPEAL to the Superior Court from the doings of commissioners on an insolvent estate in making a valuation of security held by the appellant upon a claim presented by him against the estate. The appellee demurred to the reasons assigned for appeal and the court (*Hovey, J.,*) sustained the demurrer and dismissed the appeal. The appellants appealed to this court. The case is sufficiently stated in the opinion.

*S. T. Holbrook* and *G. Greene, Jr,* for the appellants.

*S. Lucas* and *S. S. Thresher,* for the appellee.

PARK, C. J. This appeal depends upon the construction that should be given to the phrase, " doings of the commissioners," as found in the fifteenth section of the General Statutes, page 390. That part of the section material in this case is as follows:—" When any person shall be aggrieved by the doings of the commissioners, and the matter in demand shall exceed one hundred dollars, he may, within twenty-one days after the report of the commissioners is accepted, appeal to the Superior Court."

The plaintiffs had a claim against the insolvent estate of Wade & Farnum, exceeding the sum of $4,000, on which they held security. The claim, with a statement of the security, was duly presented to the commissioners on the estate, and they reported to the court of probate that the estate was owing the plaintiffs the sum of $4,420.01, and that their security for the debt was of the cash value of $4,500.

The plaintiffs, feeling aggrieved by the " doings of the commissioners " in this valuation of their security, moved

an appeal from their decision to the Superior Court, which was granted; and in the appellate court they filed the following as their reason for appeal:—"That the commissioners reported to the court of probate that the appellants had security for the debt due them from the assigned estate of the cash value of $4,500, to wit, security to the amount of $1,000, by attachment of property in Boston, and to the amount of $3,500, by the attachment of property in New York. Whereas the appellants had and have no security whatever except by attachment in Boston to the value of two hundred and fifty dollars, which the appellants are ready to verify; wherefore they pray judgment that the doings of the commissioners in respect to the security be reversed, and that the security be re-valued by this court."

The appellee demurred to the appeal, and to the reason assigned for it, on the following grounds:—

"1. That it is not alleged therein, nor does it appear, that the appellants' claim against the estate, or any part thereof, was disallowed by the commissioners.

"2. That no appeal can be had from the commissioners' valuation of the security."

The Superior Court adjudged the reason of appeal to be insufficient; and the case comes here for review.

The statute under which the commissioners acted (Gen. Statutes, p. 390, sec. 13,) is as follows:—" If any creditor, having any security for his claim against any insolvent estate upon any property of such estate, shall present his claim to the commissioners on such estate, they shall inquire into the cash value of such security, and report the same to the court of probate; and if they allow such claim, the executor, administrator or trustee of such estate shall, within five days after the return of the commissioners' report, notify such creditor personally, if he resides within such district, otherwise by mail, of the amount allowed and such value as reported by said commissioners; and unless such creditor shall, within fifteen days after the return of said report, lodge with said court a certificate of his election to relinquish such security, he shall be entitled to a dividend from

such estate only upon the excess of his claim above the value of such security."

This section, and those which immediately precede it, prescribe all the duties which the commissioners are required to perform. Hence the performance of these duties constitutes their "doings," as that term is used in the fourteenth and fifteenth sections hereafter considered. These two sections relate to appeals from "the doings of the commissioners." Section fourteen establishes a special tribunal of review for a party aggrieved by the doings of the commissioners in allowing or rejecting a claim against an insolvent estate, wherein the matter in demand is not less than fifty dollars, nor more than one hundred. Section fifteen has already been given.

All appeals from the doings of commissioners in insolvent estates come within one or the other of these sections. Hence it would seem to follow that the phrase, in section fifteen, "when any person shall be aggrieved by the doings of the commissioners," followed by no words of qualification, must mean *aggrieved by any of their doings* under the statute in question.

Again, in section fourteen the word "doings" is followed by the words "in allowing or rejecting claims." The omission of these words in section fifteen shows a design in the legislature to extend the application of the term "doings" to other acts of the commissioners than those in allowing or rejecting claims; for if the clauses were intended to be synonymous, the legislature must have seen that the profession would be misled by a qualification of the word in one case and none in the other; and especially as justice would seem to require that a distinction should be made between the two cases. This will appear by the following considerations:—In cases where the matter in demand is less than fifty dollars no appeal from or review of the doings of the commissioners is allowed for any cause, however greatly they may have erred in judgment. This was undoubtedly for the reason that in such cases it would cost the party aggrieved much more to obtain justice than it was

worth, considering that the action of the commissioners could affect his claim no farther than the dividend to be paid by the insolvent's estate. In cases where the matter in demand is between fifty and one hundred dollars, no appeal or review is allowed from the doings of the commissioners in making a valuation of securities, for the same reason. But in cases where the matter in demand exceeds one hundred dollars, as in the present case, it is easy to see that the cash valuation of securities may be very important to the estate, as well as to the claimants; and especially to claimants, where the percentage of the dividend is very large. Justice and reason, as well as the law, require that where a man takes security when he parts with his money, he is entitled to it in preference to all others, and it is just as important to him that it should be correctly valued when he presents his claim against an insolvent estate, as it is that the amount of his demand should be correctly determined.

The system established by statute for the settlement of insolvent estates was adopted for the special purpose of dividing the estates of such debtors pro rata among their creditors. The allowance or disallowance of claims against an estate by the commissioners has no other or greater effect than to allow or disallow them for the purpose of a pro rata distribution of such estates. *First National Bank* v. *Hartford Life & Annuity Co.*, 45 Conn., 22. In all such cases, if a creditor is fortunate enough to have security for a part of his claims, the cash value of the security should be deducted from his claim; but he should have a pro rata dividend upon the balance in common with all other creditors of the estate whose claims are unsecured. It follows therefore that an over-valuation of his security is equivalent to a rejection of his claim for a dividend to the extent of the over-valuation. Suppose a creditor has a claim of $1000 against an insolvent estate, which is allowed by the commissioners, and that he has security of the cash value of $500, but that the commissioners make return that its cash value is $800. This would result virtually in a

rejection of the creditor's claim for a dividend to the extent of $300. Such a case clearly comes within the spirit of the statute allowing appeals from the doings of the commissioners in allowing or rejecting claims against insolvent estates.

A great deal of stress is laid by the appellee upon the fact that the creditor holding security is required by the thirteenth section to make his election to relinquish it within fifteen days after the return of the commissioners' report is made to the court of probate, or be debarred from recovering more from the estate than a dividend upon the excess of his claim over that of the value of his security; when by the fifteenth section the creditor has twenty-one days after the commissioners' report is accepted by the probate court in which to appeal from their doings. Consequently, it is said, there is an inconsistency in the sections, if the creditor has the right to appeal from the doings of the commissioners in the valuation of his security. We think there is no necessary conflict between the two provisions. If the creditor chooses to elect, his election must be made within the fifteen days. When that time expires without an election he must retain his security and abide by the valuation of it made by the commissioners, or by the Superior Court if he takes an appeal, and take his dividend acccordingly.

There is error in the judgment appealed from, and it is reversed, and a new trial ordered.

In this opinion the other judges concurred.