Barrett v Thomas.

## BARRETT *v.* THOMAS.

### VOID JUDGMENT.

1. Where a garnishee answered that he held in his hands 300 lbs. of pork belonging to the defendant, *held,* that a judgment against the garnishee for the value of the pork, was void. The proper judgment would have been that the property be delivered up for sale. CERTIORARI *to quash void judgment.*
2. A certiorari will lie from the Circuit Court, to quash a void judgment rendered by a Justice of the Peace, though the defendant show no good reason why he did not appeal.

A garnishee answered before a Justice of the Peace that he had three hundred pounds of pork in his hands belonging to the defendant; whereupon the Justice rendered judgment against the defendant for the value of the pork. The garnishee did not appeal from this judgment within the time prescribed by law; but brought the case into the Circuit Court by cetiorari, where the judgment of the justice was quashed.

McKINNEY, J.:

The petition for, cetiorari does not show a sufficient cause for not appealing ; but this is not a case where that is ma-

terial, as the judgment of the Justice of the Peace is void, and not merely erroneous. The justice had no power to render a judgment for money. It should have ordered the pork to be delivered up for sale. The writ of garnishment as used in Tennessee was unknown to the common law. The Circuit Judge properly quashed the judgment.(1)                    *Judgment affirmed.*

(1) A void judgment is the same as no judgment at all, and all who act under it are trespassers. Sherrell v. Goodrum, 3 Humph. 431; Andrews v. State, 2 Sneed, 550, 552.

And process issued upon it may be superceded and quashed. Mabry. v. State, 9 Yerg. 207, 208.

And it may be appealed from. Trousdale v. Donnell, 4 Humph. 273.

And a writ of error lies to it. Martin *Ex parte*, 5 Yerg. 456.

And the Supreme Court will not reverse it, but will quash any process issued to enforce it. Bartlett v. Wilkenson, *Infra*; Andrews v. State, *ubi supra.*

But the Court rendering such a judgment cannot reverse it at a subsequent term. Id. Andrews v. State, *ubi supra*; But see Hopkins v. Godbehire, 2 Yerg. 241.

A void judgment may be enjoined. Coles v. Anderson, 8 Humph. 489 ; Bell v. Williams, 1 Head, 229 ; Ridgeway v. Bank of Tenn., 11 Humph. 523. But unless void on its face, a judgment or decree cannot be attacked collaterally.

Hall v. Heffly, 6 Humph. 444 ; Thacker v. Chambers, 5 Humph. 313 ; Brittain v. Cowen, 5 Humph. 319

Judgments rendered during the civil war are valid. Parks v. Jones, 2 Cold. 172.

The judgements of courts established by the U. S. military authorities in the insurrectionary districts during the late war are valid. Hefferman v. Porter, 6 Cold. 391.