EDWARD A. FREEMAN, TRUSTEE, APPEAL FROM DOINGS OF COMMISSIONERS.

First Judicial District, Hartford, March Term, 1899. ANDREWS, C. J., TORRANCE. BALDWIN, HAMERSLEY and HALL, JS.

An appeal from the doings of commissioners upon an insolvent estate in allowing a certain claim, if not limited or restricted, vacates all their doings naturally incident to the act of allowance, including their valuation of the creditor's security, if any, and transfers the two-fold controversy to the appellate tribunal for its determination upon the facts presented to it.

The final judgment of a court of a sister State establishing the validity of a note given by a married woman in this State as surety for her husband, rendered in a suit in which her trustee in insolvency was a contesting party, estops him from again asserting its invalidity when presented here as a claim against the insolvent estate; even though by the law of this State coverture would have been a perfect defense, had the note originally been put in suit before a Connecticut tribunal.

The fact that such suit was not begun until after the trustee had appealed from the doings of the commissioners allowing the claim, is immaterial, so far as the validity of the note is concerned; although a judgment after that date cannot measure with precision the amount which was due upon the note at the time of the debtor's insolvency.

Unless otherwise directed by order of court, a Connecticut trustee in insolvency has the right to appear as the representative of the estate to defend its interests, in whatever forum they may be attacked.

In setting forth the grounds relied upon by a pleader, there can rarely be any justification. in a suit upon a single cause of action, for making two answers or two replies. Save in exceptional cases that can seldom occur, all the grounds should be stated in one plea, with no distinction or division other than that of separate paragraphs.

The effect of an estoppel by judgment is not limited by the precise facts

that may have been found to support it. The adjudication covers the real transaction which was the subject of litigation.

Evidence of the value of real estate at a certain date is relevant upon the question of its value about a year later.

A motion to expunge cannot properly be used to perform the office of a demurrer. Objections to pleadings on the score of irrelevancy should ordinarily be raised by demurrer, and can be supported only when it is clear that there was no reasonable ground for inserting the allegations to which exception is taken.

Argued March 10th—decided April 25th, 1899.

APPEAL from the doings of commissioners upon the estate of H. Drusilla Mitchell, an insolvent debtor, in allowing a claim against her estate, taken by the trustee thereon to the Superior Court in Hartford County and tried to the court, *Prentice, J.;* facts found and judgment rendered disallowing the claim, and appeal by the claimant for alleged errors in the rulings of the court. *Error.*

The claim presented to the commissioners was for $20,000, described as money due in three ways : first, by virtue of an agreement made by H. Drusilla Mitchell and one George H. Mitchell, on March 3d, 1892; second, on a note of January 15th, 1894, made by them jointly for said sum with interest ; and third, for cash loaned and laid out upon a guaranty made by them, dated March 3d, 1892. It was also stated that the claimant, the American Exchange National Bank of Chicago, held a trust deed as a partial security for the note, upon land in Chicago of uncertain value.

The statement of claim filed in the Superior Court on the appeal, after setting out the note and describing the trust deed of Chicago land given for its security, alleged that the commissioners, after deducting the value of the security, allowed the balance of the claim; that subsequently, and since this appeal was taken, the trustee under the deed and the bank filed a bill of complaint in the Circuit Court of Cook County, Illinois, upon which judgment was rendered that said land be sold and the net proceeds paid over to the bank; and that on September 20th, 1897, $11,601.41 was due to the bank on the note, and still remained unpaid.

The appellant moved that the parts of this statement of

claim referring to the Illinois suit and its results, be struck out, because the same were "immaterial and impertinent and relate to questions exclusively within the jurisdiction of the commissioners on said estate in the first instance, and then of this court on appeal from the doings of said commissioners." This motion was granted (*Ralph Wheeler, J.*).

The trustee in insolvency then made answer, that after March 3d, 1892, the insolvent at her domicil in Bristol, Connecticut, signed with her husband, George H. Mitchell, now deceased, at his request, a written guaranty of that date to said bank to the extent of $20,000, of a certain indebtedness to it of two mercantile firms in which he was interested, which paper was by him sent by mail to Chicago, and delivered to the bank; that she also signed with him and at his request, at Bristol, on January 15th, 1894, the $20,000 note and trust deed, which were sent by mail by him to the bank at Chicago, to be held as collateral security for the obligations arising under the guaranty; and that Mrs. Mitchell had been the wife of said George H. Mitchell since 1857, and had always lived at Bristol.

The answer also alleged that the two firms referred to in the statement of claim became insolvent and made assignments for the benefit of their creditors in 1893, and that the bank had received certain payments from them or their assignees, reducing in that year the indebtedness guaranteed to $11,500.

These last allegations were denied by the reply, and the others admitted.

The reply also set out at length the proceedings in the Illinois suit. These showed that the suit was one in equity for a foreclosure, brought by the trustee under the trust deed and by the bank, on October 27th, 1896, after the appeal in the present action, to a court of competent jurisdiction in Illinois, against sundry parties, including H. Drusilla Mitchell and the appellant as the trustee of her estate in insolvency, praying for an account of the amount due under the terms of the deed, and that she or some one of the defendants might be decreed to pay the sum that might be so found due, and

that in default of such payment the land embraced in the deed might be sold, and its proceeds applied upon said debt, and a foreclosure decreed, and execution issued against her for any deficiency, and for such other relief as to equity might pertain; that she and the trustee in insolvency had due notice, and appeared and filed an answer setting up, among other things, that she signed the note and trust deed at her residence in Connecticut, at the request of her late husband, who was then a citizen and resident of that State, to secure an indebtedness incurred by the firm doing business in Chicago of which he was a copartner; that the note was delivered in Connecticut to the agent of the bank; that it was without consideration, so far as she was concerned; and that it was void as to her by virtue of the statutes of Connecticut, which provided that no married woman could become a surety for her husband, nor make any instrument binding upon her to secure his debt; that the master in chancery to whom the cause was referred made a report in favor of the complainants; that she and the appellant, as trustee in insolvency of her estate, filed objections to the report, because the findings were contrary to the law of Connecticut where the guaranty, note and deed were executed; that these objections were overruled; that exceptions on the same ground were taken to the report before the court, which were also overruled; that a decree was passed in June, 1897, confirming the report, finding an indebtedness of $23,168.41 to exist, which was secured by the deed, limiting ten days for redemption, and in default thereof ordering a sale; that a sale was duly made and reported for the sum of $12,500, leaving a deficiency of $11.601.41 " to be paid by H. Drusilla Mitchell and for which she is accountable;" and that a final decree was entered September 20th, 1897, confirming the sale and report, and adjudging that the bank recover of her $11.601.41.

An appeal was granted on the same day, on condition that a sufficient bond be filed; but none was filed.

The reply further alleged that the subject-matter of the Illinois suit was the same as that set forth in the statement

of claim in the present action, and that the Illinois judgment for $11,601.41 was the same as the present claim.

To these allegations of the reply a demurrer was filed and sustained (*Prentice, J.*), because "the action described therein was begun, and decree and judgment in the same obtained, after the expiration of the time for the presentation of claims to said commissioners, and after the report of said commissioners allowing and disallowing claims against the estate of said insolvent debtor had been duly filed in the Court of Probate for the district of Bristol, and after this appeal had been taken therefrom to this court. Said judgment was not presented to, nor passed upon by said commissioners."

An agreed finding of facts was then filed, upon which judgment was rendered (*Prentice, J.*), disallowing the claim.

The following claims of law were made by the bank, and overruled:—

1. That upon the facts found the bank is entitled to judgment for the amount of the difference between the sum received by said bank from the sale of the mortgage security, and the face of said mortgage note, with interest according to its terms.

2. That said mortgage note was delivered to said bank at Chicago, in the State of Illinois, and is binding and valid under the laws of the State of Illinois.

3. That said guaranty was drawn at the bank at Chicago, in the State of Illinois, by Mr. Morse, and was by him there delivered to said bank, and is binding and valid under the laws of the State of Illinois.

4. That said mortgage note of $20,000 and the mortgage securing the same, were delivered to said bank at Chicago, in the State of Illinois, and affected the real estate in that State, and were drawn and were intended to conform to, and be performed in that State, and in conformity to its laws.

5. That by the laws of the State of Illinois, the said H. Drusilla Mitchell became liable to said American Exchange National Bank, whether or not she was a married woman when she signed said guaranty and note.

6. That the rules of comity between the States apply, and

the contract made under the circumstances disclosed in the finding is binding and should be recognized by the courts in this State.

· *Charles H. Briscoe* and *W. A. Briscoe*, for the appellant in this court (appellee in the Superior Court).

*Theodore M. Maltbie*, for the appellee in this court (appellant in the Superior Court).

BALDWIN, J.   A claim against the estate of H. Drusilla Mitchell, an insolvent debtor, was presented by the American Exchange National Bank of Chicago, and allowed in full by the commissioners.   A trust deed of land in Illinois had been given to secure the debt for which claim was made, and the commissioners inquired into the cash value of this security, and reported it to the Court of Probate, under General Statutes, § 590.   The trustee in insolvency appealed from their doings in allowing the claim.

These doings were of a twofold character.   They allowed the claim to a certain amount, and they determined the cash value of the security which was held for it.   The latter act was a necessary incident of the former.   The trustee might have appealed only from the doings of the commissioners in respect to the valuation.   *Nowell's Appeal*, 51 Conn. 107 ; *Coit's Appeal*, 68 id. 184.   He might have appealed only from their doings allowing the claim.   But his appeal from their doings in the allowance of the claim, taken in that general form, and without any other words to serve by way of limitation or exclusion, vacated all their doings and carried up whatever was naturally incidental to the act of allowance. The Superior Court, therefore, had before it the whole subject of controversy, and if it should allow the claim or any part of it, was required also to determine for itself the cash value of the security, and to determine it in view of all the facts which might be properly presented to its consideration at the trial.

The appellee filed in court a statement of claim, in which it was alleged that since the report of the commissioners the

security valued by them had been foreclosed and sold under a judicial decree rendered in Illinois, and the net proceeds paid over to it, whereby its claim had been reduced to $11,601.41.

It was error to strike out these averments. While it did not appear from them that the trustee had any notice of the Illinois suit, or was bound by the result, it did appear that the appellee relied upon them as the measure of its rights in reference to the amount of the debt for which it asked judgment in its favor. Independently also of any question of estoppel, the appellee was entitled to be heard upon the claim that what property brings under a judicial sale tends to show what it was worth.

The appellant could only urge, at most, that these matters were irrelevant, and such an objection should rather have been taken by tendering an issue of law. A motion to expunge cannot properly be used to perform the office of a demurrer.

The Practice Act provides for motions to expunge on the ground of scandal and impertinence. General Statutes, § 882. It makes no similar provision in terms to remedy the introduction of matter simply irrelevant, and it is rarely that objections on that score can justify the delay and expense incident to a proceeding for a correction of the pleading. Indeed, wherever it is not clear that there was no reasonable ground for inserting such allegations, they should be allowed to stand, and the party permitted to put his case before the court in his own way, rather than in that which his antagonist might prefer.

In the reply filed by the bank the proceedings in the foreclosure suit are again set up, but for a different purpose.

The only party appealing from the doings of the commissioners is the trustee of the insolvent estate of H. Drusilla Mitchell. The bank insists that it does not lie in his mouth to dispute the merits of its claim, because of an estoppel by record. The record which it has produced shows that the objections now taken in his answer had been previously taken, in an answer filed (or adopted) by him in the same capacity, to a bill in equity brought by it before a court of competent jurisdiction in Illinois, and also by way of exceptions to a master's report made in that proceeding. The bill was one

grounded upon the note and trust deed, which were the subject of the statement of claim presented by the bank to the Superior Court, and sought a foreclosure and a personal judgment against Mrs. Mitchell for whatever deficiency might remain after applying the proceeds of a sale by the trustee upon her indebtedness on this note.

The appellant might have refrained from entering an appearance in the Illinois suit. In that case the judgment would have had no force as to him, except as it might cut him off from any interest in the land foreclosed. Hoping, however, to prevent the loss of that, he pleaded to the action the very facts which he now urges as a defense to any claim upon the note. In the absence of any order of the Court of Probate or of the Superior Court to the contrary, he had a right to appear as the representative of the estate to defend its interests, in whatever forum they might be attacked.

By the Constitution of the United States, the decree against him upon the issues thus raised is entitled to the same faith and credit in our courts, as if it had been rendered by one of them.

Let it be supposed, then, that the security given to the bank had been a mortgage upon lands in Connecticut, instead of a trust deed of lands in Illinois; and that it had brought suit for a foreclosure, pending this appeal, in the Superior Court, and obtained a decree similar to that rendered in Illinois, and upon similar issues. The trustee in insolvency, after unsuccessfully contesting, in such a proceeding, the validity of the note on the ground of coverture, certainly could not now be heard to renew the claim. As to that point his mouth would be stopped.

It is said that by the law of this State, as declared in *Freeman's Appeal*, 68 Conn. 533, coverture is a perfect defense to the note in question. Be this as it may, the trustee in insolvency has had his day in court upon that question; and if he cannot raise it in the present action, no one can, for he is the sole appellant.

In *Cothren's Appeal*, 59 Conn. 545, it was held that a judgment against an insolvent debtor, rendered pending the pro-

ceedings in insolvency, was not conclusive upon the commissioners as to the validity or amount of the claim upon which it was recovered. That this is so cannot avail the appellant in this proceeding. The point of law on which our decision must turn is not whether the Superior Court, whoever might be the appellant, would be in any case precluded from reexamining the bearing of coverture on the note; but whether, in this case, the trustee in insolvency being the sole appellant, he is precluded from asking it to make such a reexamination.

The appellee does not and could not contend that the Illinois judgment exactly measures the amount of its claim in this proceeding. In that are included taxes paid by the bank to protect its security, an attorney's fee of $500, and interest accruing since the institution of the proceedings in insolvency in the Court of Probate. What it settles is that the note was obligatory upon Mrs. Mitchell; and it is on the note that the bank is now seeking to recover. Under our statute, the judgment did not merge the cause of action. General Statutes, § 587. It simply, so far as these proceedings are concerned, established the validity of the indebtedness evidenced by the note against any attack by the trustee in insolvency, together with the foreclosure of the security, and the attending facts.

One of these facts was that on July 29th, 1897, the cash value of the real estate in Chicago covered by the trust deed was, as between these parties, $12,500, this being the amount which it brought upon that day, at a sale afterwards duly confirmed by the court. The value at which it should be applied in reduction of the claim upon which a dividend is to be made in the settlement of the insolvent estate of Mrs. Mitchell, is to be determined as of a different date; but in inquiring as to its value then, its value on the day named is relevant evidence.

It follows that the demurrer to what was entitled the second reply should have been overruled.

There was no occasion for thus dividing the reply in two. The claim of the bank presented substantially but one cause

of action. The answer set up coverture in defense, and also that by reason of certain credits, if anything were due, it was less than was demanded. What was styled the first reply admitted the coverture and took issue as to the credits claimed. The so-called second reply repeated the " first reply," and then set up the estoppel by record. This made the so-called " first reply " wholly superfluous. Whatever could be claimed under it could be claimed as well under the " second reply."

The great object of the Practice Act was to simplify and unify all pleadings. Unless distinct causes of action are joined, the use of more than one count in the complaint can rarely be justified; and save in exceptional cases, that can seldom occur, answers and replies should also be drawn with a view of stating all the grounds relied on by the pleader in the same paper, with no other distinction than that of separate paragraphs. General Statutes, § 880 ; Practice Book, p. 17, Rule IV, §§ 8, 9 ; Forms, 355, 389, 451. Several issues of fact may be raised by a single defense ; for such an issue is formed by the denial of any material allegation. Practice Book, p. 17, Rule IV, § 12 ; *Perkins* v. *Brazos,* 66 Conn. 242, 249 ; *Hatch* v. *Thompson,* 67 id. 74, 76. In like manner, issues of fact may be raised as to some and issues of law as to other paragraphs of any pleading. Under the old system of common-law procedure a demurrer lay only to the whole of a pleading ; under the Practice Act it may be directed to a single paragraph. Practice Book, p. 17, Rule IV, § 11 ; *Russell* v. *Easterbrook,* 71 Conn. 50, 57.

The demurrer filed in this case to the " second reply," being taken to all its allegations, raised two questions of law : first, whether coverture was a defense to the note, and second, whether that defense was not shut off by the Illinois judgment. As it was thus shut off, we have no occasion to inquire whether the facts admitted by the pleadings as to the mode of the execution and delivery of the note would or would not otherwise bring the case within the doctrine of *Freeman's Appeal,* 68 Conn. 533.

The effect of a judgment by way of estoppel is not limited by the precise facts that may have been found to support it.

The adjudication covers the real transaction which was the subject of litigation. That different evidence might be produced, which would put the transaction in a new light and tend to a different result, may under certain circumstances be ground for a new trial, but can never lessen the conclusiveness of the judgment so long as it remains in force. *Wildman* v. *Wildman*, 70 Conn. 700; *Brennan* v. *Berlin Iron Bridge Co.*, 71 id. 479.

As the "first reply" contained nothing which the "second reply" did not also contain, the sufficiency of the latter makes it unnecessary to consider the legal effect of the facts stated in the agreed finding, made upon the former.

There is error, the judgment is set aside, and the cause remanded, with directions to vacate the order to expunge, and reverse the judgment on the demurrer; and for such further proceedings as may be conformable to law.

In this opinion the other judges concurred.

HAMERSLEY, J., (concurring). In concurring in the opinion of the court, I wish to emphasize the fact that the proposition cited from the opinion in *Cothren's Appeal*, 59 Conn. 545, is a *dictum* upon a question which, as that opinion distinctly states, was not then before the court and could not be decided. The *dictum* is apparently inconsistent with a *dictum* in *Waterman* v. *Curtis*, 30 Conn. 135, 137, and its correctness is not, as stated in the present opinion, in any manner involved in the decision of this case. The true construction of § 587 of the General Statutes, referred to in *Cothren's Appeal* and in *Waterman* v. *Curtis*, remains an open question.