EDWARD A. FREEMAN, TRUSTEE, APPEAL FROM DOINGS
OF COMMISSIONERS.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A witness is not necessarily to be credited merely because his testimony has not been contradicted by other witnesses.

A finding that an attorney at law was authorized by the defendant to appear and contest the cause is a conclusion of pure fact, and therefore the subordinate or evidential facts upon which such conclusion is based need not be set forth.

When the validity of a claim presented against an insolvent estate in this State has been finally adjudicated by the courts of another State, in a suit in which the insolvent and his trustee appeared and contested the cause as parties defendant, no ground of defense which was open to the trustee in that suit can be urged by him against the claimant in the tribunals of this State; and this is equally applicable to alleged partial payments to the creditor which are claimed to have been made prior to the commencement of the former action.

When a creditor holds an unsecured note of the debtor simply as collateral to another obligation, a dividend cannot be allowed, in case of insolvency, upon any greater indebtedness than exists independently of such note.

An assignment of error alleging that the trial court erred in holding that there was due to the creditor of an insolvent estate a sum in excess of the value of his security, is too general and indefinite to present any question of law.

Where a note is secured by a trust deed to a third party, the *cestui que trust* may lawfully buy the premises at a judicial foreclosure sale.

Even if the law were otherwise, such a purchase would simply be an error of procedure, and would not nullify the effectiveness of the adjudication, in the decree of foreclosure, as to the validity of the note.

Argued October 8th—decided December 20th, 1901.

APPEAL from the allowance of a claim presented by the American Exchange National Bank of Chicago against the insolvent estate of H. Drusilla Mitchell of Bristol, taken by the trustee in insolvency to the Superior Court in Hartford County and tried to the court, *Roraback, J.;* facts found and judgment rendered for the claimant, and appeal by the trustee for alleged errors in the rulings and findings of the court. *No error.*

This is the same case reported in 71 Conn. 708. After the cause was remanded to the Superior Court, in 1899, the appellant filed amendments to his answer, and also a rejoinder, by leave of court, denying that either he or Mrs. Mitchell ever appeared or authorized an appearance to be entered in the Illinois suit, or were in any way brought under the jurisdiction of the Illinois courts; and also claiming certain reductions from the amount of the claim or judgment.

Upon the hearing the court found that at the date of the assignment in insolvency by Mrs. Mitchell there was due to the claimant $21,343.33 on the note of January 15th, 1894; that this note was duly presented to and allowed by the commissioners; that, pending the present appeal from their doings, the Illinois foreclosure suit was brought, and notice thereof given to the appellant and Mrs. Mitchell; that each appeared by counsel duly authorized and pleaded and made defenses; that the value of the real estate foreclosed was

$15,000; and that the balance after deducting this sum from $21,343.33 was due to the claimant, and it was allowed as a claim against the estate.

*Theodore M. Maltbie,* for the appellant (the insolvent estate).

*Charles H. Briscoe* and *W. A. Briscoe,* for the appellee (the claimant).

BALDWIN, J.　We held, when this cause was before us at a previous term, that by the Illinois judgment the validity of the indebtedness evidenced by the note of January 15th, 1894, signed by the insolvent debtor, was established against any attack by her trustee in insolvency. That he was a party to that judgment was then admitted by a demurrer. This has now, upon a further hearing upon the merits, been found as a fact by the Superior Court.

It is assigned for error that this finding was made without evidence and against the evidence.

The appellant's appearance in the foreclosure suit was regularly entered by an attorney, who afterwards filed an answer in his name and was heard upon it. Both the appellant and the attorney testified that this appearance and the subsequent proceedings under it were unauthorized. The evidence, as certified, however, shows that in their manner upon the witness-stand and in the facts brought out on cross-examination, there was much that might justly be considered by the trier as affecting the force of their direct testimony ; and in view of the previous and subsequent relations between them, and of certain letters which were introduced, from the appellant, we think the Superior Court had before it competent evidence to support its finding.

A witness is not necessarily to be credited because that to which he may have sworn has not been contradicted by other witnesses. His testimony may be in its nature improbable, or even incredible. It may be inconsistent with his course of conduct. It may appear to proceed from a defect of recol-

lection, or from an honest misconception of the consequences properly attributable to established facts. The jury must take it for what in their judgment it is fairly worth, and for no more; and the rule in determining issues closed to the court is the same.

Exception is taken to the refusal of the court to set out in its finding the subordinate facts upon which was based the conclusion that the appearance was authorized. That conclusion was purely one of fact, and the exception therefore is unfounded. Rules of Court, pp. 34, 35, §§ 100, 103; p. 91, § 3.

The appellant contends that the Superior Court held (1) that Mrs. Mitchell was bound by her contract of guaranty, and (2) that her obligation was not limited to the joint indebtedness of Morse, Mitchell & Williams, and F. E. Morse & Son. What the Superior Court, in fact, held, was simply that the full amount of the mortgage note was a proper claim against her insolvent estate, because it had been adjudicated to be justly due from her in the Illinois suit, to which she and the appellant, as trustee of her estate, were both parties. Such was the legal effect in this proceeding of the Illinois judgment. *Freeman's Appeal*, 71 Conn. 708, 716.

This amount was not, at the time of the institution or trial of the foreclosure suit, justly due from her, if the note was merely a collateral obligation for what, as to her, was a void undertaking; nor, perhaps, if the undertaking was limited to a guaranty of the joint indebtedness of Morse, Mitchell & Williams and F. E. Morse & Son, for certain of the notes which may have gone into the account against her in the Illinois suit were wholly unconnected with F. E. Morse & Son. But the appellant and Mrs. Mitchell had the opportunity to make these same defenses in that suit, and he cannot now dispute what was there settled.

This being so, the corrections which he asks in the finding are immaterial; and his motion made for that purpose is denied.

It is also made a ground of appeal that the note, having been given merely by way of collateral security for the undertak-

ing of guaranty, could not be made the foundation of a claim against the insolvent estate.

When a creditor holds an unsecured note of the debtor simply as collateral to a principal obligation, a dividend cannot be allowed, in case of insolvency, upon any greater indebtedness than that existing independently of such note. *In re Waddell-Entz Co.*, 67 Conn. 324. We have no occasion to determine whether this rule, under General Statutes, § 590, applies to collateral notes which are secured, if exhibited as claims in proceedings in insolvency, whether begun, as were those in the case at bar, before the passage of the Bankrupt Act of the United States, or since; for the point in question was not made on the trial before the Superior Court. Rules of Court, p. 38, § 115.

It is also assigned for error that the Superior Court held that the Illinois judgment changed Mrs. Mitchell's obligation from a collateral to an absolute liability, and determined the amount and character of the claim of the bank against her insolvent estate. No such ruling was made. That judgment was held, and properly held, to estop the appellant from disputing the absolute liability of Mrs. Mitchell upon the note when the insolvent proceedings were instituted, and to determine that as against him its face amount with interest to that date was provable against the estate, subject only to such deductions as might be properly claimed by reason of the security held for it, or of payments made by or for those whose obligations she had undertaken to guaranty.

There is no reason of appeal which calls in question the propriety of the credits allowed by the Superior Court, unless it be the eighth. That is that " the court held that there was due the appellee a sum in excess of the value of the security held by it." This is too general and indefinite an assignment to present any question of law. The appellant's claim, however, as more fully presented in his brief, is that the indebtedness secured by the mortgage note had been reduced to $11,500 prior to Mrs. Mitchell's insolvency, and that $3,450 more had been paid upon it in dividends from the insolvent estate of F. E. Morse & Son on and prior to

September 23d, 1896. While errors not properly assigned demand no attention, we think it proper, in view of the magnitude of the sums in controversy, to observe that all these payments were made before the institution of the Illinois suit, and so the judgment rendered in that precluded any further inquiry in regard to them by the Superior Court.

It is contended that the Illinois judgment is invalid upon its face, because it approves the sale to the bank of the real estate by which the note was secured, and ascertains the deficiency to be paid by Mrs. Mitchell in view of the purchase price thus realized. The note having been secured by a trust deed to a third party, the *cestui que trust* could law-fully bid at the judicial sale. Nor, if the law were otherwise, would such a purchase affect the force of the estoppel by record against the appellant as to the validity of the note. It would simply be an error in procedure, for which the remedy would be to seek a review in the courts of Illinois.

There is no error.

In this opinion the other judges concurred.