MALCOLM E. THOMPSON vs. ALBERT STANLEY MAIN.

Second Judicial District, Norwich, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

Chapter 65 of the Public Acts of 1921 provides that a claim for a jury trial in an action of summary process must be filed on or before the return day of the complaint. *Held* that an amendment to the complaint, allowed after the return day, could not have the effect of extending the period within which the defendant might move for a jury trial.

A demurrer which is addressed to an entire complaint is properly overruled if it only reaches one of two or more causes of action embodied therein.

The complaint in the present case alleged a tenancy terminable at the option of the plaintiff and that he had served a notice upon the defendant to quit possession three weeks prior to the commencement of the action. *Held* that the complaint set forth a good cause of action, the notice to quit being equivalent to a notice by the plaintiff that he had exercised his option to terminate.

The defendant's claim of law that, as tenant, he was entitled to remove from the plaintiff's farm and sell any manure made from products purchased elsewhere, could not be considered, since the record did not disclose that the fodder had been so purchased.

At the conclusion of the trial, the justice of the peace, evidently regarding the matter as a criminal case, rendered an oral judgment that the defendant was guilty and that he be bound over to the Court of Common Pleas. *Held* that this was not a valid judgment and that it was improperly sustained upon the defendant's appeal to the Court of Common Pleas.

Argued April 28th—decided June 30th, 1925.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process in favor of the landlord, brought by the tenant to the Court of Common Pleas in New London County and tried to the court, *Waller, J.*, which rendered judgment in favor of the defendant in error and affirmed the judgment of the justice of the peace, and from this judgment the tenant appealed. *Error; judgment to be entered for plaintiff in error.*

Thompson *v.* Main.

*Charles Hadlai Hull,* for the appellant (plaintiff in error).

*Charles L. Stewart,* for the appellee (defendant in error).

WHEELER, C. J.   The justice court did not err in denying defendant's motion for a jury trial.   The statute gave either party the right to move for a jury "on or before the return day of such complaint."   The defendant did not so move until sixteen days thereafter.   He claimed this right because the complaint had been permitted to be amended by leave of court on June 14th, by alleging an additional ground of recovery concerning whose allegations he had had no opportunity to claim a jury trial.   The original complaint of summary process alleged a tenancy terminable at the option of the lessor; the amendment to the complaint added an additional ground of termination, viz.: "upon any dishonest act upon the part of the defendant in connection with said farm or its management."   The amended complaint merely alleged two separate grounds of recovery, through a termination at will, or by reason of express stipulation.   The statute did not give the defendant the right to move for a jury trial at any time later than the return day of the complaint and an amendment of the complaint could not extend the period named in the statute.   The demurrer is addressed to the entire complaint, yet grounds four and six assume that it is addressed to one of the grounds of recovery stated in the complaint, that for a violation of an express stipulation of the lease.   If ground four had been addressed to this, this ground of recovery would have been eliminated, since the ground of demurrer is well taken.   Practice Book, p. 287, § 194.   Grounds of demurrer one, two, three, and five are based upon the failure of the complaint to

allege any forfeiture of the lease for breach of a condition or covenant therein, or that the plaintiff, prior to the institution of the suit, had made a declaration of forfeiture.

The complaint does allege a termination of the lease at the option of the lessor, and this is a sufficient allegation as to the cause of action based upon such termination. The notice to quit possession, given upward of three weeks prior to the summary process action, was notice of the exercise by the plaintiff of his option to terminate. The condition of this record would have furnished ground for finding error in the failure of the justice of the peace to render judgment for the defendant, in view of the fact that none of the allegations of the special defense were denied, and under our rules, unless waived, must be taken as admitted. This entitled the defendant to a judgment and there is nothing in the bill of exceptions to indicate that the parties tried the case as though issue had been joined upon the facts alleged in this special defense. But in the memorandum of decision it is stated that the case proceeded to trial without objection on the part of the defendant, and this, we take it, was intended as a statement that the parties proceeded to trial as if issue had been joined on this special defense. Under these circumstances, we do not feel that error should be found where the matter was one of clear inadvertence in not incorporating in the bill of exceptions the true situation.

Error is assigned that the justice of the peace erred in overruling the claim of law of the defendant, Thompson, that as a tenant he had the right to remove therefrom and sell any manure made from products not raised on the farm, but which he had brought to the farm from other premises or had purchased elsewhere. Whether this claim of law arose upon a ruling

on evidence, or upon the overruling of a claim of law made by the defendant, cannot be told from a reading of the bill of exceptions. The bill of exceptions does not state that the manure was produced from fodder purchased by defendant. Until this does appear, there would be no basis for the claim of law that defendant had the right to remove the manure. Nor are the facts surrounding the ruling sufficiently stated, if this claim of law was upon a ruling on evidence, to enable us to pass upon the matter.

The final grounds of error pressed are: the assumption by the court of facts other than those stated in the judgment of the justice of the peace, and its overruling the plaintiff's claim that the judgment of the justice of the peace was erroneous. The only judgment recited in this record and found in the bill of exceptions is the oral judgment rendered by the justice of the peace as follows: "I find that the defendant was dishonest in his conduct of the farm and find this issue for the plaintiff; but I also find that the plaintiff has no right to put the defendant off from the farm in question because the defendant has cultivated and planted crops on said farm since he entered into possession of the same and under the circumstances the defendant has the right to remain on the farm and harvest his crops. I render judgment to the effect that the defendant is guilty and that he be bound over to the Court of Common Pleas."

The two issues for decision under the complaint were whether the lease contained a provision giving the lessor the right to terminate the lease, at his option, or upon any dishonest act upon the part of the lessee in connection with the farm. The justice of the peace found the issue of dishonesty for the plaintiff, Main, and found that defendant, Thompson, had the right to remain on the premises and harvest his crops, and

rendered judgment that defendant was guilty and that he be bound over to the Court of Common Pleas. This is no adjudication of the prayer of the complainant lessor for "judgment for the possession of said leased premises." The justice of the peace evidently regarded the case as a criminal one and rendered judgment accordingly. It follows that there was no valid judgment rendered by the justice of the peace.

There is error, the judgment of the Court of Common Pleas for New London County is reversed, and the cause remanded with direction to said court to enter its judgment in favor of the plaintiff in error, Thompson, and setting aside the judgment of the justice of the peace.

In this opinion the other judges concurred.