## HARRIET E. DERWAY

vs.

## LIBORIO LOMONICO, ET AL.

Superior Court      Hartford County      File #53052

Present: Hon. JOHN A. CORNELL, Judge.

Spellacy & Yeomans,      Attorneys for the Plaintiff.

P. R. Ierardi,

W. E. Hanson,      Attorneys for the Defendants.

### MEMORANDUM FILED APRIL 6, 1936.

CORNELL, J. The single demurrer filed is addressed to both the First and Second Defenses. There should have been filed a separate demurrer to each defense. **Practice Book Sec. 97.**

However, as neither defense differs from the other in any manner material to the ground of demurrer named, the court will treat the matter as counsel have treated it, viz., as though each defense is attacked by a separate demurrer projecting the same cause therefor.

Insofar as material to the issue raised by the demurrer, the complaint asks foreclosure of a mortgage dated April 16, 1930, securing a note in the original sum of $5300., bearing interest at the rate of 6% per annum, payable semi-annually, upon which there is now owing a principal balance of $4400.

with interest from October 16, 1935.

It is stated that the note contains a default clause under which upon the maker's failure to make any payment of principal or interest the entire unpaid principal will become due and that as defendants have failed to pay an installment of principal due October 16, 1935, the plaintiff as the holder of said note has elected to demand the entire balance of principal sum with accrued interest.

Some of the matter which appears in both special defenses apparently is intended to state a defense out of the circumstance that the plaintiff agreed to waive payment of the October 16, 1935 principal installment until October 16, 1936 in consideration of a payment made by defendants on January 15, 1936 of a balance of interest payment which was due October 16, 1935.

The demurrer attacks both special defenses "because said defenses do not allege any valuable consideration for the extension agreement therein set forth". This must fail if upon any fair construction of anything which is said in these defenses, a valuable consideration for an agreement to waive or forbear to collect for a definite or reasonable time the installment of principal due October 16, 1935, may be spelled out.

Paragraph 5 of the special defenses is susceptible of the interpretation that a series of agreements occured between the parties commencing about October 16, 1934 and continuing up to and including a date on or about October 16, 1935 whereby the plaintiff waived payments of principal installments "for various periods, for the purpose of reassuring the defendants in the expenditure of various sums of money benefitting the premises mortgaged . . . . including the construction of a mushroom house during May, 1935 at a cost of approximately $600.00".

Under these allegations evidence is admissible to show that in consideration of agreements entered into, defendants built the mushroom house in May, 1935, but that it was not fully paid for on October 16, 1935 and that the plaintiff made an "expenditure" then or thereafter in reliance upon and as consideration for the promise of the plaintiff to waive or forbear demanding payment of the principal installment due

on that date either for a stated or reasonable time. It cannot be said that such evidence viewed in the light of all the surrounding circumstances, if produced, might not present a valuable consideration for plaintiff's alleged waiver or forbearance.

The Court is not unmindful that this phase of the matter was not argued and that the only alleged defense assailed was that that the payment of past due interest was a sufficient consideration for a promise to waive or forbear to sue for a past due principal installment.

But the defenses really present two subject-matters each of which is distinct from the other. If it was the purpose of the plaintiff to single out one of them alone to attack its sufficiency, the demurrer should have been levelled at the special defenses only insofar as they present that particular one. **Practice Book, Sec. 97.**

As the demurrer is addressed to the special defenses in their entirety, and since it appears that evidence admissible under certain of the allegations in each may furnish a defense it must be overruled. **Thompson vs. Main, 102 Conn. 640.**

The demurrer is overruled as to each of the special defenses.