## HARRY PASHALINSKY
vs.
## WILLIAM J. COX, HIGHWAY COMMISSIONER

Superior Court     New Haven County     File #55515

MEMORANDUM FILED OCTOBER 31, 1938.

FitzGerald, Foote & FitzGerald, of New Haven, for the Plaintiff.

Charles J. McLaughlin, Attorney General; Leo V. Gaffney, Assistant Attorney General, for the Defendant.

CORNELL, J. Plaintiff complains that the State Highway Commissioner incorrectly established the lines of a public highway on which real property owned by him abuts and that as a result of such action has appropriated land belonging to him without compensating him for it.

Defendant identifies the cause of action stated as one authorized by section 530c of the Cumulative Supplement to the General Statutes (1935). The question raised in paragraph 3 of the demurrer (i.e. whether the proceeding was commenced within the period limited in the act in question) is not before the Court under the allegations of the complaint since as the latter stand, the plaintiff must be permitted to offer evidence that the requirement referred to was satisfied.

Paragraphs 4 and 5 propose that neither under the statute mentioned, nor by virtue of the provisions of any other, is a claim for "money damages . . . authorized" in an appeal from the doings of the Highway Commissioner in respect of the location or relocation of lost or disputed bounds.

Granted for the sake of the instant purpose that the proceeding is one authorized by the provisions of the noted statute and was instituted within the period therein allowed, it becomes evident that the defendant's purpose is to eliminate any cause of action for damages and so, to limit the cause to one concerned only with the true location of the bounds of the highway in question. On this theory, the complaint in one count, states three distinct causes, viz., (1) cause based on the Highway Commissioner's action in fixing the highway limits erroneously; (2) damages for the plaintiff's land allegedly taken and (3) consequential damage to the remainder of the tract of which the land so appropriated forms a part.

In this situation, the defendant is permitted to demur to any paragraph or paragraphs of the complaint, which together, state a single cause of action. Practice Book (1934), §97; *Freeman's Appeal from Commissioners,* 71 Conn. 708, 717.

This was, apparently, the purpose which the defendant had

in mind with respect to the claims for money damages. However, the demurrer is not so framed. Thus, it is not pointed at any specified paragraph or paragraphs of the complaint insofar as the same state a particular cause of action, but is aimed at the entire pleading with the intention of destroying it completely. When this method is pursued, the demurrer must encompass every cause of action fairly stated since if one survive, the complaint, as a pleading, still stands. *Thompson vs. Main*, 102 Conn. 640, 641; *Beckerle vs. Danbury*, 80 id. 124, 126; *Water Commissioners vs. Robbins*, 82 id. 623, 633.

On the defendant's theory, it is evident that the demurrer on file does not reach the cause stated for a mere correction of the bounds as determined by the Highway Commissioner and inasmuch as it is directed at the complaint as a whole, in contradistinction to being levelled at one or more causes stated in the complaint, it is ineffectual.

The demurrer is, hence, overruled on all grounds.