## MARY FABRICATOR
### vs.
## ETHEL SALOVITZ

Superior Court    New Haven County    File #54785

MEMORANDUM FILED NOVEMBER 7, 1938.

FitzGerald, Foote & FitzGerald, of New Haven, for the Plaintiff.

Watrous, Hewitt, Gumbart & Corbin, of New Haven, for the Defendant.

CORNELL, J.  The motion asks that judgment be entered against plaintiff because of her failure to amend her complaint after a demurrer thereto sustained.

A fair construction of the complaint, which is in one count, admits of the claim that there are, at least, six causes of action stated therein, viz., (1) violation of an absolute duty imposed by the special act therein recited irrespective of prior notice of the alleged dangerous condition; (2) violation of the statute in question in failing to remove the alleged dangerous condition after notice, actual or constructive; (3) common-law negligence; (4) negligence consisting of a violation of the named statute irrespective of prior notice of the presence of the condition; (5) negligence consisting of a violation of the statute in view of actual or constructive notice of the existence of the condition; (6) negligence in either case mentioned in 4 and 5, (a) whether the alleged dangerous condition was caused by the act of the defendant in placing snow or ice on the sidewalk or (b) by the action of the elements. Still other possible causes may be elicited from the allegations of the complaint without doing violence to fair reasoning, but the foregoing references will suffice for present purposes.

The demurrer is not directed to any one or more of those described causes of action, as it might have been (Practice Book [1934] §97; *Freeman's Appeal from Commissioners,* 71 Conn. 708, 717; *Smith & Co. vs. Hurlburt Co.,* 93 id. 391, 398; *Donovan vs. Davis,* 85 id. 394, 398; *New Milford Security Co. vs. Windham County Nat. Bank,* 90 id. 323, 341) but is addressed to the complaint as a whole. As such it must embrace every cause of action within the fair construction of that pleading and if it fails to do so the complaint survives. *Thompson vs. Main,* 102 Conn. 640, 641; *Goldfarb vs. Cohen,* 92 id. 277, 281. See, also, *Cashman vs. Meriden Hospital,* 117 Conn. 585, 588.

The demurrer on file does not reach all of the causes stated in the one count of which the complaint consists. Hence, while it might be effective as concerns those at which it was apparently meant to be directed, it is not competent to demolish the whole complaint. *American Clay Machinery Co. vs. New England Brick Co.,* 87 Conn. 369, 376.

As it is the complaint as an entire pleading to which the demurrer has been sustained, the instant motion, in view of the considerations noted, must be and is denied.