CATHERINE RYAN
*vs.*
SUTHERLAND A. BECKWITH ET AL.

Superior Court          Litchfield County          File No. 9533

MEMORANDUM FILED NOVEMBER 23, 1940.

*William M. Foord,* of Litchfield, for the Plaintiff.

*Woodhouse & Schofield,* of Hartford, for the Defendants.

O'SULLIVAN, J. The complaint sets forth two alleged ·causes of action. The first rests on the purported liability arising from a certain ordinance passed by the Borough of Litchfield. "Whenever the owner or occupant of any land ·fronting upon any street or highway in this Borough", runs the ordinance, "shall neglect to make or repair any sidewalk ·or curb within the time and in the manner ordered by the Board of Burgesses or shall neglect or refuse to keep his side-walk in good repair, it shall be the duty of the Board of Burgesses to make or repair the same and the cost of the making or of repairs, and interest thereon, shall be and re-main a lien in favor of the Borough."

I question the proposition that this ordinance imposes lia-bility upon an abutting property owner for injuries sustained by travelers, caused by a defective condition of the adjoining sidewalk. The purpose of the ordinance, it seems to me, is to cast upon the abutting owner only the burden of meeting the cost of making a new sidewalk or of repairing an old ·one, and in this manner to save the borough the expense which otherwise would fall upon its treasury. Strictly construing this ordinance against the assertion that it has shifted liability for injuries to the users of highways from the borough to the individual property owner, I would incline quite strongly to the belief that the liability remains where it always has been. *Willoughby vs. New Haven,* 123 Conn. 446.

The demurrer, however attacks the entire complaint and

it must be overruled if reliance is had upon another cause of action which is sound. *Thompson vs. Main,* 102 Conn. 640. Such is the situation here. While it is difficult to visualize the ability of the plaintiff to prove her second cause of action, the facts admitted by demurrer set forth, in substance, that certain affirmative acts of the property owner were responsible for the creation of the defect in the sidewalk which caused her to fall, and under the law, if the owner has notice of such condition, he is required to use reasonable care to protect travelers from it. *Calway vs. Schaal & Son, Inc.,* 113 Conn. 586; *Kane vs. New Idea Realty Co.,* 104 id. 508.

Because of the inclusion in the complaint of a good cause of action, the demurrer is overruled.