EDWARD BURLEW, JR.
*vs.*
CITY OF DANBURY ET AL.

Superior Court  Fairfield County  File No. 64718

MEMORANDUM FILED JULY 8, 1942.

*Louis Katz*, of Danbury, for the Plaintiff.

*Thomas A. Keating*, of Danbury, for the Defendants.

Memorandum of decision on demurrer.

O'SULLIVAN, J. The complaint alleges the following summarized set of facts: On March 22, 1942, the plaintiff was operating his motorcycle on a highway known as Southern Boulevard, which is partly within the territorial limits of the City of Danbury and partly within those of the Town of Danbury. He had reached a point, as he rode along, approximately where the boundary line of the city and the town crosses the boulevard, when, due to the defective condition of the highway, he was tossed off his motorcycle and painfully injured. This defective condition ran for several hundred feet on either side of the boundary line, and although the city and the town long had knowledge of its existence, it remained neglected. Written notices had been given to the clerks of the city and town on March 31st, each notice specifying a general description of the injuries received and their cause, and the time and place of their occurrence. Both the city and the town are named as parties defendant.

The city "demurs to the complaint, as amended", on four grounds, though they can be reduced to this one proposition, namely, that it does not appear from the allegations of the complaint that the defective condition on the city's side of the boundary line was the sole proximate cause of the accident.

What the city is really trying to assert is that, as the complaint is directed against both the city and the town, the accident, as pleaded, discloses that it was caused not only by a defect for which it was to blame, but also by such a defect combined with another unlawful cause originated by the town, and that, under the law stated in cases like *Bartram vs. Sharon*, 71 Conn. 686, no liability falls on the city under section 1420 of the General Statutes, Revision of 1930.

The very presence of the other cause of action alleged against the town hoists the city on its own petard. The demurrer is technically bad, in that it is addressed to the entire complaint but ignores the cause of action alleged against the town. Such a demurrer must be overruled. *Thompson vs. Main*, 102 Conn. 640. The proper form to one of two or more causes of action in a single pleading or count should be: "In so far as the pleading or count purports to state a cause of action against this defendant, it demurs because, etc." *Donovan vs. Davis*, 85 Conn. 394; *Practice Book* (1934) §97.

But passing by this matter of technicalities, the demurrer should be overruled on its merits. The plaintiff is confronted with an exceptional set of circumstances, due to the proximity of the boundary line to the place of his accident. He is not attempting to spin some theory of joint liability on the part of the city and town, and any effort so to do would prove futile under our law. He is endeavoring to set forth facts showing that the defective condition of a portion of Southern Boulevard was solely responsible for his injuries. If that portion belongs on the city side of the line, the city may be liable; if on the town side, the town may be liable.

The plaintiff, not knowing with certainty on which municipality rested the duty of maintaining the exact portion of the boulevard where he was injured, is entitled to have the trier determine the facts and apply the law thereto.

The demurrer is overruled.