[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On April 16, 1996, the plaintiff, Janet Foster, filed this action against the defendant, her employer, Yankelovich Partners, Inc. On August 29, 1996, the plaintiff filed an amended complaint, alleging ten counts, including breach of contract (two counts), breach of covenant of good faith or fair dealing, quantum meruit, violation of General Statutes § 32-71
(failure to pay wages), violation of General Statutes § 31-75
(gender discrimination), negligent misrepresentation, fraud, unjust enrichment and bad faith. On June 28, 1996, after commencing the present action, the plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO), charging the defendant with having violated General Statutes § 46a-60 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.
On October 11, 1996, the defendant moved to dismiss count six of the plaintiff s amended complaint, which specifically alleges that the defendant discriminated against the plaintiff as to compensation solely on the basis of sex, in violation of General Statutes § 31-75. The defendant submitted a brief in support of its motion, arguing that this court lacks subject matter jurisdiction as to count six because the plaintiff has yet to exhaust her administrative remedies. The plaintiff submitted an opposing brief and the defendant submitted a reply.
A motion to dismiss is the proper way to raise a claim of lack of subject matter jurisdiction. Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995); Practice Book § 143. "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987). "[I]f an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) O G Industries, Inc. v.Beacon Falls Planning Zoning Commission, 232 Conn. 419, 425,655 A.2d 1121 (1995). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." (Internal quotation marks omitted.)Federal Deposit Ins. Corp. v. Peabody N.E., Inc., 239 Conn. 93,99, 680 A.2d 1321 (1996). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Antinerellav. Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "[E]very CT Page 7321 presumption is to be indulged in favor of subject matter jurisdiction." Sheff v. O'Neill, 238 Conn. 1, 15, 678 A.2d 1267
(1996).
The defendant, in its memorandum in support of its motion, argues that the plaintiff is foreclosed from judicial relief because she did not file an administrative complaint with either the labor department under General Statutes § 31-75 or the CHRO under General Statutes § 46a-60 before bringing this civil action. The cases the defendant relies on for this proposition all interpret § 46a-60. In its reply to the plaintiff's memorandum in opposition to this motion, the defendant further contends that, while the plaintiff's sixth count alleges a violation of § 31-75, the facts supporting the count also fall within § 46a-60, over which the CHRO has jurisdiction.[1] Moreover, the defendant maintains that judicial economy dictates dismissing the sixth count because the present civil claim of gender discrimination is duplicative of the plaintiff's pending CHRO claim. Finally, the defendant argues that the plaintiff would be able to obtain an adequate remedy from the labor department, and thus no exception to the exhaustion doctrine applies.
In her memorandum in opposition to the defendant's motion, the plaintiff argues that General Statutes § 31-76 gives employees the right to bring civil actions against employers without first having to exhaust administrative remedies. The plaintiff also argues that, while General Statutes § 46a-60
requires the exhaustion of administrative remedies, that section does not affect rights given under General Statutes § 31-75. The plaintiff specifically cites General Statutes § 46a-62, which provides that "[n]o provision of section . . . 46a-60 may be construed to void or supersede the provisions of section 31-75." Alternatively, the plaintiff contends that, even if § 31-76
could be construed to require an administrative remedy, the inability of the labor commissioner to provide adequate relief for discriminatory non-payment of wages would excuse the exhaustion of such a remedy.
General Statutes § 31-76 provides, in relevant part: "The labor commissioner shall carry out the provisions of section 31-75
whether upon complaint or upon his own motion. For this purpose, the commissioner . . . may enter places of employment, inspect payrolls, investigate work and operations on which employees are engaged, question employees and take such action as CT Page 7322 is reasonably necessary to determine compliance with section 31-75. Any employer who violates the provisions of section 31-75
shall be liable to the employee . . . affected for the difference between the amount of wages paid and the maximum wage paid any other employee for equal work. Action to recover such difference may be maintained in any court of competent jurisdiction by any one or more employees." This section thus divides the enforcement of § 31-75 between the labor commissioner and the courts. The labor commissioner's duties are to investigate and insure that employers are in compliance, while "any court of competent jurisdiction" has the duty to address the employee's right to compensation.[2]
In the present case, the sixth count of the plaintiff's complaint specifically addresses the plaintiff's right to compensation under § 31-75 for the defendant's alleged wage discrimination against the plaintiff. The language of § 31-76
makes plain that an employee seeking such wages may personally bring an action for compensation in court.[3] "A basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, generally there is no room for construction." (Internal quotation marks omitted.) Mattatuck Museum-MattatuckHistory Society v. Administrator, 238 Conn. 273, 279,679 A.2d 347 (1996). As such, the clear statutory language of § 31-76
provides this court with jurisdiction over the plaintiff's § 31-75 claim and does not require the exhaustion of any administrative remedies. Therefore, the defendant's motion to dismiss the sixth count of the plaintiff's complaint should be denied.
The defendant's argument that the plaintiff's sixth count could just as easily fall within § 46a-60, and thus should follow that section's administrative requirements, is without merit. Whether or not the factual underpinnings of the plaintiffs sixth count could also support § 46a-60, the plaintiff here has chosen to bring her action under § 31-75. "[A] party is entitled to plead his case in his own way, so long as he does not run counter to some rule of pleading." Clinton v. MiddlesexMutual Assurance Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 072024 (December 11, 1995, Stanley, J.); Freeman's Appeal, 71 Conn. 708, 714, 43 A. 185
(1899). Moreover, were § 31-75 to be interpreted to completely overlap with § 46a-60, the former section would be rendered superfluous. "[N]o part of a legislative enactment is to be treated as insignificant or unnecessary, and there is a CT Page 7323 presumption of purpose behind every sentence, clause or phrase . . . and no word in a statute is to be treated as superfluous." (Internal quotation marks omitted.) Stewart v.Tunxis Service Center, 237 Conn. 71, 79, 676 A.2d 819 (1996). Furthermore, § 46a-62, quoted above, mandates that § 46a-60
not supersede § 31-75. It is found that the plaintiffs § 46a-60 claim before the CHRO does not deprive this court of subject matter jurisdiction over the plaintiffs § 31-75
claim. Accordingly, the defendant's motion to dismiss is denied.
RYAN, J.