### EILEEN C. STROINEY ET AL. *v.* CRESCENT LAKE TAX DISTRICT ET AL.
### (13141)

Peters C. J., Shea, Callahan, Glass and Hull, Js.

Argued October 6—decision released November 17, 1987

*John A. Kissel,* with whom was *Joseph E. Fallon,* for the appellants (plaintiffs).

*Ronald P. Sherlock,* with whom were *William F. McDonald,* town counsel, and, on the brief, *James W. Sherman,* for the appellees (defendants).

HULL, J. The sole issue in this appeal is whether the trial court erred in dismissing the plaintiffs' action on the ground of lack of subject matter jurisdiction because the plaintiffs lacked standing. We agree with the trial court that the defendant Crescent Lake Tax District (district) is a de facto quasi-municipal corporation whose validity may only be challenged by the state in a quo warranto proceeding, and find no error.

On April 15, 1982, a petition was submitted to the town of Enfield requesting that a meeting be held for the purpose of voting on a proposal to form a special tax district pursuant to General Statutes § 7-325.[1] In

---

[1] "[General Statutes] Sec. 7-325. ORGANIZATION. BOUNDARY CHANGES. ANNUAL REPORT. (a) Upon the petition of twenty or more voters, as defined by section 7-6, of any town, not residing within the territorial limits of any city or borough in such town, specifying the limits of a proposed district for any or all of the purposes set forth in section 7-326, and not including within such limits any part of any city or borough in such town, the selectmen of such town shall call a meeting of the voters residing within such specified limits to act upon such petition, which meeting shall be held at such place within such town and such hour as the selectmen designate, within thirty days after such petition has been received by such selectmen. . . ."

accordance with the petition the function of the district was to construct, maintain and regulate the use of recreational facilities including the maintenance of Crescent Lake. The formation of the Crescent Lake Tax District was approved at a meeting held in accordance with the statute on May 13, 1982. On January 13, 1983, the plaintiffs, thirty-two electors residing within the adopted boundaries of the district or persons owning property assessed at no less than $1000 in value within said boundaries, brought suit against the district, the officers and directors of the district, the town of Enfield and the moderator of the organization meeting. The first count claimed that certain statutory and procedural irregularities in the formation of the district rendered it illegal. It also claimed certain violations of both the state and federal constitutions. The second count mirrored the first and claimed irreparable loss with no adequate remedy at law. The third count also repeated the claim of illegality made in the first count and claimed a violation of § 1983 of Title 42 of the United States Code.[2] The claim for relief sought a declaratory judgment, an injunction and damages. The trial court, *Quinn, J.,* granted the plaintiffs' motion for summary judgment, declaring that the district had been illegally formed because neither page of the petition seeking a vote on the formation of the district contained the requisite circulator's statement required by General Statutes § 7-9.[3]

---

[2] The plaintiffs did not raise in their trial brief or on appeal any issue concerning their claims that the alleged illegal formation of the district violated their state and federal constitutional rights and their rights under § 1983 of Title 42 of the United States Code. We regard the plaintiffs' failure to brief this claim as an abandonment thereof. Practice Book § 4065 (a) and (d).

[3] "[General Statutes] Sec. 7-9. PETITIONS FOR VOTE. FORM. STATEMENT BY CIRCULATOR. Whenever under the provisions of the general statutes or any special act, any action for a vote by the electors or voters of a municipality is to be initiated by the petition of such electors or voters, in addition to such other requirements as such statute or special act may impose,

The defendants appealed, claiming error in the trial court's holding that the requirements of General Statutes § 7-9 apply to the formation of a tax district under General Statutes § 7-325. This court in *Stroiney* v. *Crescent Lake Tax District*, 197 Conn. 82, 86, 495 A.2d 1063 (1985), concluding that a summary judgment granting only declaratory relief, but failing to dispose of claims for an injunction and for damages, was not a final judgment, sua sponte dismissed the appeal for lack of jurisdiction. We specifically noted that "[t]he plaintiffs have not withdrawn or abandoned their claims for relief that have not yet been adjudicated." Id., 84.

Thereafter, the defendants filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the district is a de facto municipal corporation and the plaintiffs lack standing to bring the action. Although the trial court, in its memorandum of decision, did not specifically find the district to be a de facto municipal corporation, it included such a conclusion in the judgment that it rendered.

Having determined that the district was a de facto municipal corporation, the trial court concluded that its validity could be challenged only by the state in a quo warranto proceeding and not by private parties. *Rothkopf* v. *Danbury,* 156 Conn. 347, 356–58, 242 A.2d 771 (1968). The court then determined that since each

such petition shall be on a form prescribed or approved by the clerk of such municipality, and each page of such petition shall contain a statement, signed under penalties of false statement, by the person who circulated the same, setting forth such circulator's name and address, and stating that each person whose name appears on said page signed the same in person in the presence of such circulator, that the circulator either knows each such signer or that the signer satisfactorily identified himself to the circulator and that all the signatures on said page were obtained not earlier than six months prior to the filing of said petition. Any page of a petition which does not contain such a statement by the circulator shall be invalid. Any circulator who makes a false statement in the statement hereinbefore provided shall be subject to the penalty provided for false statement."

of the three counts of the complaint attacks the legality of the Crescent Lake Tax District's existence on the ground that incorporation under General Statutes § 7-324 et seq. was defective, the plaintiffs had no standing to bring this action. The court granted the motion to dismiss and this appeal followed.

Standing concerns the legal right of an individual to set the machinery of the courts in operation. *Belford* v. *New Haven,* 170 Conn. 46, 52–53, 364 A.2d 194 (1975). Standing goes to the court's subject matter jurisdiction. *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). A motion to dismiss for lack of subject matter jurisdiction may be made at any time. Practice Book § 145.

Certain fundamental principles underlie this dispute. If legally created, the Crescent Lake Tax District is a quasi-municipal corporation. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 547, 427 A.2d 822 (1980); *Larkin* v. *Bontatibus,* 145 Conn. 570, 576, 145 A.2d 133 (1958); 1 E. McQuillin, Municipal Corporations (3d Ed.) § 2.29. Quasi-municipal corporations are governed by the law applicable to municipal corporations. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* supra. A de facto municipal corporation's existence cannot be attacked by an individual but only by the state through quo warranto proceedings. *Tulare Irrigation District* v. *Shepard,* 185 U.S. 1, 14, 22 S. Ct. 531, 46 L. Ed. 773 (1902); *Rothkopf* v. *Danbury,* supra, 357–58.

Both parties briefed the question of whether the district was a de jure quasi-municipal corporation. The court's judgment dismissing the action was based solely on the status of the district as a de facto municipal corporation. The question of the district's de jure status and the application of General Statutes § 7-9 to Gen-

eral Statutes § 7-325 was not involved in the trial court's consideration of the motion to dismiss. Since we agree with the trial court that the district was a de facto quasi-municipal corporation we need not reach the issues determinative of the district's de jure status and leave them for another day.

There are three requisites to constitute a de facto municipal corporation: (1) A charter or general law under which such a corporation as it purports to be might lawfully be organized; (2) an attempt in good faith to organize thereunder; and (3) an actual user of the corporate franchise. *Tulare Irrigation District* v. *Shepard,* supra, 13; *Rothkopf* v. *Danbury,* supra, 356; 1 E. McQuillin, supra, § 3.48; C. Tooke, "DeFacto Municipal Corporations Under Unconstitutional Statutes," 37 Yale L.J. 935 (1928).

We consider this case in an unusual procedural posture. No evidentiary hearing was held by the trial court nor, so far as we can determine, was such a hearing requested by either party. The court made no factual findings. The appellants made no motion in the trial court or in this court for an articulation of the basis of the trial court's decision. Practice Book §§ 4051, 4061.

"Ordinarily we do not ' "resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings or exhibits which are not part of the record." ' *Grunschlag* v. *Ethel Walker School, Inc.,* 189 Conn. 316, 320, 455 A.2d 1332 (1983). References in the 'statement of facts' in a brief or references to testimony in the transcript, even if uncontradicted, do not constitute facts in the case. Where the factual basis of the court's decision is unclear, 'proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the

trial court rendered its decision, thereby sharpening the issues on appeal. "It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied." ' *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). 'Since the [plaintiff] has failed to supply a record presenting the trial court's rationale, as is his burden, we are disinclined to view as clearly erroneous the trial court's determination . . . . Nor under these circumstances will we remand the decision for articulation.' *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 714, 462 A.2d 1037 (1983)." *Pointina Beach Assn., Inc.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984).

Under the circumstances of this case, however, we will not uphold the trial court's decision merely because of the plaintiffs' failure to secure an adequate appellate record[4] nor will we remand the decision for articulation. We will look to the plaintiffs' factual allegations which constitute judicial admissions to determine whether there is an adequate factual basis for the court's decision. We will not consider the factual claims of the parties which lack support in the record.

That the three requisite criteria were clearly met is shown by the paragraphs of the complaint, contained in the footnote below.[5] "In brief, if anything can con-

[4] No transcript of the proceedings below was filed in this court.

[5] The paragraphs of the complaint that we rely upon as admissions by the plaintiffs are as follows:

"6. The defendant Town, purportedly pursuant to C.G.S. Sec. 7-325, called a meeting to act upon a proposal to approve the establishment of the District.

"7. Said meeting was held on May 13, 1982, at 8:00 P.M. at the Enfield Town Hall, Council Chambers, 820 Enfield Street, Enfield, Connecticut.

"8. At said meeting the following actions were taken or purportedly taken:

stitute a de facto corporation, the defendant herein constitutes one." *Tulare Irrigation District* v. *Shepard,* supra, 14. Chapter 105 of the General Statutes, concerning fire, sewer and other districts, clearly satisfies the requirement of a charter or general law under which the Crescent Lake Tax District purported to be lawfully organized. The organizers attempted in good faith to organize thereunder. The plaintiffs claim that the failure of the circulators of the organizing petitions to comply with General Statutes § 7-9 shows lack of good faith. The failure to comply with § 7-9 was not raised at the organization meeting but appears to have first been brought to the attention of the defendants

"a. The defendant John D. Adams was elected moderator and acted as moderator during the balance of the meeting.

"b. A main motion was made and seconded to establish a tax district within the boundaries and for the purposes set forth in the Legal Notice dated April 23, 1982, a copy of which is attached hereto as Exhibit A.

"c. Two motions were made, seconded and voted upon by hand and/or voice vote and declared adopted by the defendant moderator to change the boundaries of said district from those contained in said Legal Notice.

"d. A roll call vote was taken on the main motion as amended and the defendant moderator declared said motion adopted.

"e. The defendant officers and directors were elected.

"f. A budget was adopted.

"g. A mill rate was set.

"h. A request was passed that the defendant Town collect the taxes.

"9. As a result of the actions taken or purportedly taken at said meeting, the defendant District purports to have the power to lay and collect taxes upon real and personal property of the plaintiffs and such other powers as are set forth in C.G.S. Sec. 7-324 et seq.

"10. Said defendant District has adopted a budget, fixed a mill rate, and has collected taxes, and the plaintiffs are informed and believe that said District and/or its agents, servants or employees have authorized certain expenditures for the purpose of carrying out its purported purposes, and it is reasonable to be expected that further such expenditures will be authorized.

"11. The plaintiffs have received bills for taxes from said District, and have had tax liens placed upon some of their properties for their failure to pay said taxes, and it is reasonable to expect that said District will further bill said plaintiffs for future taxes and place liens upon said properties for failure to pay said taxes, all to their loss and damage."

when the plaintiffs brought suit eight months later. The plaintiffs do not claim that, for the first eight months of its existence, the district acted in anything other than good faith. Thereafter, the defendants could in good faith continue to operate pending the final legal resolution of the plaintiffs' challenges. This has not occurred until today. During the interim between the organization meeting and the granting of the motion for summary judgment, the fundamental steps for organization of the district had already been undertaken. The user of the corporate franchise is more than sufficiently shown by adoption of a budget, fixing of a mill rate, collection of taxes and placing of tax liens upon some of the plaintiffs' properties, events which had occurred prior to the commencement of this action as alleged in the complaint.

"It cannot be said that this corporation was created without warrant of law. There was a valid law and there was a bona fide attempt to organize under it, and the most that can be said is that there was a failure to comply with all the directions of the statute by which a corporation de jure might be organized." *Tulare Irrigation District* v. *Shepard,* supra, 16.

There is no error.

In this opinion the other justices concurred.