[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss on the grounds that: 1) Conn. Gen. Stat. 45-213a is applicable to the plaintiff's claim for reimbursement of state aid, and 2) that the plaintiff's failure to comply with Conn. Gen. Stat. 45-213a deprives this court of subject matter jurisdiction so as to require the dismissal of the action.
On December 11, 1990 the plaintiff State of Connecticut filed a complaint against the defendant Kathleen E. Webster, Administratrix of the estate of Richard J. Gee, Jr. deceased. In the first count of the complaint the plaintiff alleges that there remains due and payable from the decedent's estate unreimbursed Aid to Families with Dependent Children benefits in the amount of $21,528.28. In the second count the plaintiff alleges that $155.00 is due and payable against the decedent's estate for the care and treatment of the decedent at the Connecticut Mental Health Center. In the third count, the plaintiff alleges that there remains due and payable from the decedent's estate $1,531.58 for the cost of the decedent's care at the Southbury Training School. In each count the plaintiff alleges that the money is due and payable from the decedent's estate pursuant to Chapter 305 of the Connecticut General Statutes. Furthermore, in each count the plaintiff alleges "[w]ithin the time limited for the presentation of claims against the Estate of Richard J., Gee, Jr., deceased, pursuant to Conn. Gen. Stat. 45-204e, the plaintiff presented to the defendant, Kathleen E. Webster, a statement, in writing, of its aforementioned claim for reimbursement of public CT Page 5164 assistance against said Estate."
On March 4, 1991 the defendant filed a motion to dismiss and a memorandum of law in support of the motion to dismiss with an attached affidavit of facts. On March 19, 1991 the plaintiff filed an objection to the defendant's motion to dismiss and a memorandum of law in support thereof. In addition, on April 1, 1991, the defendant filed a reply memorandum of law. On April 11, 1991 the plaintiff filed a further memorandum of law in opposition to the motion to dismiss. The defendant's motion to dismiss is presently before this court.
A motion to dismiss may be used by a defendant to challenge the jurisdiction of the court. Conn. Practice Bk. 143. "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294 (1987). Regarding statutes of limitation, "[t]he general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specifically pleaded." Travelers Indemnity v. Rubin, 209 Conn. 437,445-46 (1988).
When the state brings an action against an estate to recover the cost of care received in a state humane institution, "any claim by the state . . . shall be presented to the executor or administrator thereof within the time limited for the presentation of other claims against such state." Conn. Gen. Stat. 17-298.
The defendant, in her motion to dismiss, claims that the plaintiff is barred from bringing the action because of the plaintiff's failure to comply with Conn. Gen. Stat. 45-213a. [Conn. Gen. Stat. 45-213a has been transferred to 45a-400 in the 1991 revision of the statutes.] In its memorandum of law the plaintiff contends that Conn. Gen. Stat. 45-213a is inapplicable to the facts in the case at hand. [Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at p. 3]. The plaintiff further contends that the defendant has waived her right to file a motion to dismiss by waiting to file the motion to dismiss until after thirty days of fling an appearance. [Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at p. 3]. In addition, the plaintiff claims that the action was properly brought pursuant to Conn. Gen. Stat. 45-210. [45-210 was transferred in 1991 to 45a-402].
In the defendant's reply memorandum of law the defendant CT Page 5165 argues that Conn. Gen. Stat. 45-203x(c) [transferred in 1991 to 45a-375] provides a statute of limitations which bars the present action. However, this statute applies only to claims against decedents' estates for decedents dying on or after October 1, 1987. Conn. Pub. Acts No. 87-384 35. Therefore, since the decedent in the present case died on February 10, 1985 [Defendant's Affidavit of Facts attached to Motion to Dismiss] the statute is not applicable.
In the "plaintiff's further memorandum of law in opposition to defendant's motion to dismiss" the plaintiff concedes that it has not complied with the provisions of Conn. Gen. Stat. 45-213a but contends that the case is controlled by Conn. Gen. Stat. 45-210. Furthermore, the plaintiff argues that even if Conn. Gen. Stat. 45-213a is applicable, the plaintiff's noncompliance does not raise an issue of subject matter jurisdiction.
Conn. Gen. Stat. 45-210 provides the following:
 Sec. 45-210. Suit against solvent estate on disallowed claim. Limitation period. Suspension of limitation period. Tort actions. (a) A creditor of any deceased person whose estate is in process of settlement as a solvent estate shall not commence a suit against a fiduciary of the state within the period allowed by the court for the presentation of claims against the estate, unless written notice of a total or partial disallowance of his claim has been given by the fiduciary of the estate.
 (b) Unless such creditor commences a suit against the fiduciary within four months after written notice has been given him by the fiduciary that his claim is disallowed, wholly or in part, he shall be barred of his claim against the estate, except such part as has been allowed. If such creditor dies within such four months and before suit brought as provided in this section, a period of four months from his death shall be allowed to his executor or administrator within which to commence such suit.
 (c) The running of any limitation period prescribed under any provision of chapter 925 or 926 and applicable to the claim of any such creditor, which limitation period would otherwise expire within the period allowed by the court for the presentation if claims against the estate, shall be suspended from the time of presentation of such claim until written notice of a total or partial disallowance of such claim has been given by the fiduciary or until the expiration of the period allowed by the court for presentation of claims, whichever is sooner. CT Page 5166
 (d) This section shall not apply to any claim founded in tort, provided written notice thereof shall be given to the fiduciary.
(emphasis is added).
Conn. Gen. Stat. 45-213a provides the following:
 Sec. 45-213a. Procedure when fiduciary ignores presented claim. Period of limitation. Any claimant who presented his claim in accordance with sections 45-204b, 45-205 and 45-207 to 45-209, inclusive, who has not received written notice of the disallowance of his claim from the fiduciary, wholly or in part, within thirty days following the end of the limitation of time for presenting claims as set by the court of probate under section 45-205
or any extension thereof, may give written notice to the fiduciary that he intends to briny suit upon said claim within four months after the date of such notice. If such claimant fails to bring suit within four months from the date of such notice, such claimant shall be barred from commencing an action on his claim against the fiduciary. If such claimant dies within such four months and before suit has been brought, a period of four months from the date of death shall be allowed to his executor or administrator within which to commence such suit.
(emphasis added).
The plaintiff agrees with the material facts presented in the defendant's affidavit of facts attached to the motion to dismiss. [Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, p. 1]. The affidavit of facts states that the following facts appear on record in the West Haven probate Court:
 (a) The decedent, Richard J. Gee, Jr., died on February 10, 1985.
 (b) Kathleen E. Webster was appointed Administratrix of this Estate on April 12, 1985.
 (c) That the Probate Court ordered that all claims against the said estate must be presented to the Administratrix on or before July 12, 1985, or be barred as the law provided . . . .
 (d) That the plaintiff, State of Connecticut, presented its claims by letter dated June 21, 1985, and CT Page 5167 filed July 3, 1985 . . . .
 (e) That no action was taken by the Administratrix of the defendant Estate until said claim was disallowed in September, 1990, more than five years after presentation of the claim . . . .
 (f) That the plaintiff, State of Connecticut, failed to comply with Section 45-213a of the Connecticut General Statutes in that it failed to give written notice to the said Administratrix within 30 days following the end of the limitation period (July 12, 1985) of its intent to bring suit upon its claim within four months; and further, in that it failed to bring such suit within four months or the thirty (30) days following the end of said limitation period.
The Connecticut Appellate Court has addressed both Conn. Gen. Stat. 45-210 and Conn. Gen. Stat. 45-213a in Wilburn v. Mount Sinai Medical Center, 3 Conn. App. 289 (1985). In Wilburn the creditor instituted a claim for two separate amounts against an estate of a deceased. The executor of the estate rejected the $13,824.45 claim in writing but did not respond to the $17,750.64 claim. Wilburn, 3 Conn. App. at 288. The court held that "[t]he written denial of the $13,824.45 claim required the hospital to comply with the provisions of General Statutes 45-210 concerning the commencement of suit within a four month period following such a written denial. The inaction of the executor in response to the $17,750.64 claim required the hospital to comply with the provisions of General Statutes 45-213a concerning notice of intent to sue and the commencement of suit within four months thereafter." Wilburn, 3 Conn. App. at 288.
In the case at hand, the plaintiff had "not received written notice of the disallowance of his claim from the fiduciary, wholly or in part, within thirty days following the end of the limitation of time for presenting claims . . . ." Conn. Gen. Stat. 45-213a [emphasis added]. The inaction of the defendant in regard to the plaintiff's claim required the plaintiff to comply with Conn. Gen. Stat. 45-213a. The defendant's written disallowance of the claim five years later does not make Conn. Gen. Stat. 45-213a inapplicable nor does it make Conn. Gen. Stat. 45-210 applicable.
Furthermore, the Connecticut Appellate Court has interpreted the language "may give written notice" contained in Conn. Gen. Stat. 45-213a to be mandatory for creditors. Wilburn, 3 Conn. App. at 288. Therefore, Conn. Gen. Stat. CT Page 5168 45-213a required the plaintiff to give written notice of its intent to bring suit upon its claim within four months after the date of such notice.
The remaining issue is whether the plaintiff's failure to comply with Conn. Gen. Stat. 45-213a deprives this court of subject matter jurisdiction. Under Conn. Practice Bk. 142 a motion to dismiss must be filed within thirty days of filing an appearance. However, Conn. Practice Bk. 145 provides that "whenever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
"The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded." Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 445-46 (1988). In the present case, the plaintiff's claim for reimbursement of state aid exists independently of the limitation period contained in Conn. Gen. Stat. 45-213a. See, e.g., Conn. Gen. Stat. 17-298; Conn. Gen. Stat. 17-295b. We conclude that the plaintiff's failure to comply with Conn. Gen. Stat. 45-213a does not affect this court's subject matter jurisdiction, but should be pleaded as a special defense. See, Wilburn,3 Conn. App. at 287 (where the trial court allowed the executer to amend his special defense during trial to allege the creditor's, failure to comply with Conn. Gen. Stat. 45-213a).
Accordingly, the motion to dismiss is denied.
M. HENNESSEY, J.