[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant first moves for summary judgment on the ground that the plaintiff lacks standing to bring the instant action. "Standing goes to the court's subject matter jurisdiction." Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987). "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . ." Tomlinson v. Board of Education, 226 Conn. 704, 717, 629 A.2d 333 (1993). "In the determination of standing the primary focus is on whether the party bringing the complaint, is the proper party to request an adjudication of the issue and, not whether the issue itself is justiciable." Civil Service Commission v. Pekrul, 41 Conn. Sup. 302,307, 571 A.2d 715 (1990, Barnett, J.), citing Flast v. Cohen, 392 U.S. 83, 99-100, 88 S.Ct. 1942, 20 L.Ed.2d 947
(1968).
In the present action, the plaintiff seeks a partition and CT Page 1874 sale of the property pursuant to the terms of the dissolution decree. A judgment of dissolution "`rendered in accordance with . . . a stipulation of the parties is to be regarded and construed as a contract.'" Fiddleman v. Redmon, 31 Conn. App. 201, 204,623 A.2d 1064 (1993), quoting Barnard v. Barnard, 214 Conn. 99,109, 570 A.2d 690 (1990). "It is well settled that `one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract . . . ." Tomlinson v. Board of Education, supra, 718, quoting Coburn v. Lenox Homes, Inc., 173 Conn. 567, 570,378 A.2d 599 (1977).
The plaintiff, as beneficiary of the decedent's estate, is neither a party to, nor a contemplated beneficiary of, the dissolution decree. The administrator of the decedent's estate is the proper party to bring an action for partition and sale of the property in accordance with the dissolution decree. See General Statutes 52-599 (a right of action survives in favor of the administrator of the deceased person). The plaintiff, in her capacity as beneficiary of the decedent's estate, lacks standing to bring the instant action. Accordingly, the court lacks jurisdiction, and the plaintiff's action is dismissed by the court sua sponte.
SYLVESTER, J.