[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (#101)
The plaintiff, Sexual Assault Crisis Services of Middlesex County, Inc. (SACS), has brought the instant law suit against the defendants, Connecticut Sexual Assault Crisis Services, Inc., (CONNSACS), and its executive director Gail Burns-Smith. The complaint alleges (1) a violation of a statutory confidentiality privilege pursuant to Sec. 52-146K of the General Statutes; (2) tortious inference with business expectations; and (3) violations of the Connecticut Unfair Trade Practices Act (CUTPA) under Sec. 42-110 et seq. of the Statutes.
The defendant CONNSACS is a non-profit corporation which provides rape crisis services to sexual assault victims and their families throughout the State. It also distributes funds of the State to local or regional sexual assault crisis services. The plaintiff is one such local services agency.
In its complaint the plaintiff alleges that during an audit conducted on April 27, 1993, at the plaintiff's offices in CT Page 3185 Middletown, the defendant Burns-Smith, while acting in an official capacity, unlawfully obtained and read contents of communications and information contained in confidential client files, in violation of Sec. 52-146K.
The defendants have filed a timely motion to dismiss the first four counts of the complaint which sound in tortious interference and breach of the statutory privilege of confidentiality. It is the defendants' claim that the plaintiff lacks standing to assert the statutory privilege and to advance the tort claim.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." Ardmare Construction Co. v. Freedman, 191 Conn. 497,501 (1983), quoting from Hiland v. Ives, 28 Conn. Sup. 243,245 (1966). Standing has regard to the court's subject matter jurisdiction. Stroiney v. Crescent Lake Tax District, 205 Conn. 290,294 (1987); and, hence, a motion to dismiss for lack thereof is appropriate at any time. Id.; P.B., Sec. 145.
"The question of standing does not involve an inquiry into the merits of the case. It merely requires the party to make allegations of a colorable claim of injury to an interest which is arguably protected or regulated by the statute or constitutional guarantee in question." State v. Pierson,208 Conn. 683, 687 (1988). Does the plaintiff, then, have an interest that is protected by the statute? The question must be answered affirmatively. "The legislature, by enacting General Statutes, Sec. 52-146K, provided a privilege to the confidential communications of a victim of a sexual assault to a rape crisis counselor." In re Robert H., 199 Conn. 693, 706 (1986). The statute was expressly designed to protect both the counselor and the victim by prohibiting disclosure of the counselor's identity and location of the crisis center. Sec. 52-146K(b); In re Robert H., supra 701-02 n. 6. As Justice Shea expressed it in his concurring opinion, "[t]he intention of the legislature to protect against disclosure of the identity of the sexual assault counselor for fear of harassment or reprisal is no less clear or less worthy of implementation than its purpose to prevent disclosure of the confidential communications of the victim without her consent." Id. 717-18. CT Page 3186
The court finds that the plaintiff as principal and its employee-counselors have interests which are statutorily (Sec.52-146K) protected and, as well, standing to assert a violation of such protection.
The question whether the plaintiff has a valid cause of action for money damages (see Sec. 52-146J(b)) premised on a violation of the privilege alone presents an issue not before the court. That question would seem to be more easily addressed in regard to the first two counts (i.e., as to allegations of tortious interference). "Indiscriminate distribution or disclosure of a rape counselor's records. . . . will surely destroy the effectiveness of a counselor-victim relationship if the need for confidentiality is not exacted." In re Robert H., supra 710. It is reasonable to infer that business expectations will also suffer.
The motion to dismiss is denied.
GAFFNEY, J.