[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO DEFENDANTS' MOTION TO DISMISS
On or about October 13, 1994, James and Barbara Pollard, hereinafter referred to as the grandparents, filed a complaint against James Pollard, Jr., and his wife, Maureen. The grandparents seek custody and/or visitation rights with their grandchild, Stephanie Taylor Pollard. Stephanie Pollard is the natural born child of James and Maureen Pollard.
On the same day that the complaint was filed in court, the grandparents, by and through their attorney, filed a motion for custody and visitation pendente lite. Such motion has not been acted upon by the court. Some months later, the grandparents amended the above referenced motion, and now seek only visitation rights, pendent lite, by a motion dated January 4, 1995.
On January 9, 1995, the parents of Stephanie Pollard filed a motion to dismiss the grandparents' complaint. In their motion, they allege that they are the natural born parents of Stephanie and that there is no controversy concerning the custody of their daughter. Further, they assert this court lacks subject matter jurisdiction over the matter. The Pollards' allege that the grandparents lack standing.
The grandparents oppose Pollards' motion to dismiss. The grandparents claim they have standing, pursuant to General Statute § 46b-59, to seek visitation rights.
Both the grandparents and the Pollards have submitted briefs in support of their respective positions.[1]
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985)." [J]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . ." (Citation omitted; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179,554 A.2d 728 (1989).
"Standing concerns the legal right of an individual to set the machinery of the courts in operation. Standing goes to the court's subject matter jurisdiction." Stroiney v.Crescent Lake Tax District, 205 Conn. 290, 294 533 A.2d 208
CT Page 1144 (1987). "Lack of standing is properly raised in a motion to dismiss because `standing goes to the court's subject matter jurisdiction.'" Nania v. Borges, 41 Conn. Sup. 90, 93 (1988) quoting Reitzer v. Board of Trustees of State Colleges,2 Conn. App. 196, 201 (1984).
General Statute § 46b-59 states in part,
 [t]he superior court may grant the right of visitation with respect to any minor child or children to any person, upon an application of such person. Such order shall be according to the court's best judgment upon the facts of the case and subject to such conditions and limitation as it deems equitable, provided the grant of such visitation rights shall not be contingent upon any order of financial support by the court. In making . . . such an order, the court shall be guided by the best interest of the child, giving consideration to the wishes of such child if he is of sufficient age and capable of forming an intelligent opinion. . . .
This statute is very broadly written and seems to confer upon this court the power to hear a claim for visitation made by any person, including the grandparents of Stephanie Pollard.
Moreover, our Supreme Court has recognized the rights of grandparents to seek visitation with their grandchildren in an earlier case very similar to the one now before this court. In Lehrer v. Davis, 214 Conn. 232, 571 A.2d 691 (1990), the Lehrer's brought suit against their daughter and son-in-laws seeking visitation with their grandchildren. The Davis', the natural parents of the grandchildren, moved to strike the complaint on the ground that it was unconstitutional and that the common law did not afford visitation rights to grandparents.
The court sidestepped the issue of the constitutionality of the statute because of ripeness issues. In remanding the case, however, the Court did note that "[t]he legislative determination to allow grandparents, and others with a special interest in the child's well being, the opportunity to demonstrate that they may significantly contribute to the best CT Page 1145 interests of the child, finds constitutional support, furthermore, in the recognition that the constitutional concerns are not entirely parental because the preservation of family integrity encompasses the reciprocal rights of both parents and children." (Citations omitted; internal quotation marks omitted) Id. 239. Later on in the same opinion, the Court held that, "the custodial rights of an intact family donot automatically preclude the visitation rights ofgrandparents . . ." (Emphasis added) Id. 240.
Based on the above cited statute and the rationale set forth in Lehrer, the court finds that the grandparents of Stephanie Pollard have standing to seek visitation rights with their granddaughter.
For the above stated reasons, defendants' motion to dismiss is hereby denied.