[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
FACTS
CT Page 9052
The plaintiff, Peter J. Burgess, commenced this action against the defendants, David C. Breakell and Jean O. Breakell, to enforce a conservation restriction on the defendant's property. The plaintiff's one count complaint alleges that he is the owner of a parcel of land in Colebrook, Connecticut that abuts a piece of land owned by the defendants. The plaintiff alleges that the defendants' property is subject to a conservation restriction, as defined by General Statutes Sec. 47-42a, that requires the property to be maintained as an area of "wild, natural and semi-natural open space for scientific, educational, scenic, environmental, aesthetic and cultural purposes, for the preservation of its natural features." The restriction also expressly prohibits commercial logging on the property.
The plaintiff alleges that in April 1995, the defendants commenced commercial logging operations on their property in violation of the conservation restriction. The plaintiff notified the defendants that they were in violation of the restriction, but the defendants have refused to cease their operation. The plaintiff alleges that the operation substantially and irreparably damages the natural habitat of the property and seeks an ex-parte temporary restraining order immediately prohibiting any further logging or cutting down of vegetation, or a temporary and permanent injunction prohibiting such operations. The plaintiff also seeks damages.
The Connecticut Conservation Commission, who is the owner of the conservation restriction, has filed a motion to intervene as a plaintiff in this action. The Commission also filed a complaint, which basically repeats the allegations of the plaintiff's complaint. The motion to intervene, however, is still pending and the Commission is not a party to this action.
Subsequent to the Connecticut Conservation Commission's motion to intervene as a plaintiff, the defendants filed a motion to dismiss the plaintiff's complaint. The defendants attached a memorandum of law in which they argue that because the plaintiff is not the owner of the conservation restriction, he has no standing to prosecute this action. The plaintiff timely filed a memorandum in opposition.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss CT Page 9053 attacks the jurisdiction of the court, "essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Standing concerns the legal right of an individual to set the machinery of the courts in operation." (Citations omitted.)Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). Standing goes to the court's subject matter jurisdiction, and, thus, a motion to dismiss based on such grounds may be made at any time. Id.
The defendants argue that the plaintiff's complaint should be dismissed because the plaintiff is not the owner of the conservation restriction in question, and therefore has no standing to enforce such a restriction. The plaintiff argues that under the statutes governing conservation restrictions, General Statutes Sec.47-42a to 42c, it has standing to enforce the conservation restriction.
General Statute 47-42a defines a "conservation restriction" as follows:
 "Conservation restriction" means a limitation, whether or not stated in the form of a restriction, easement, covenant or condition, in any deed, will or other instrument executed by or on behalf of the owner of the land describe therein or in any order of taking such land whose purpose is to retain land or water areas predominantly in their natural, scenic or open condition or in agricultural, farming, forest or open space use.
General Statutes Sec. 47-42a(a).
General Statutes Sec. 47-42b states that
 no conservation restriction held by any governmental body or by a charitable corporation or trust whose purposes include conservation of land and water areas . . . shall be unenforceable on account of lack of privity of estate or contract or lack of benefit to particular land or on account of the benefit being assignable or being assigned to any other governmental body or to any other charitable organization with like purposes. CT Page 9054
General Statutes Sec. 47-42b.
General Statutes Sec. 47-42c provides that a conservation restriction is "an interest in land and may be acquired by any governmental body or charitable trust which has the power to acquire interests in land in the same manner as it may acquire other interests in land. Such restrictions may be enforced by injunction or proceedings in equity."
The Connecticut conservation restriction statute was enacted in 1971, two years after a similar statute was enacted in Massachusetts. Conn. Public Acts. 71-173 (1971); see R.L. Brenneman, "Historic Preservation Restrictions: A Sampling of State Statutes," 8 Conn. L. Rev. 231, 238 (1976). The Connecticut statutes have not been interpreted by our appellate courts. One commentator, however, has noted that the question of who may enforce a conversation restriction is not clearly resolved by the statutory language. R.L. Brenneman, supra, p. 240. Interpreting the statutory language that "restrictions may be enforced by injunction or proceedings in equity," that commentator stated:
 As in the case of Massachusetts, this spare provision leaves open the question of who may enforce the restriction and what must be shown. Obviously, enforcement may be by the holder of the restriction but may another party bring an action? If enforcement may be by "injunction," is it necessary to show irreparable harm? What is meant by "proceedings in equity"?
(Emphasis in original) Id. The courts of this state have not answered these questions.
Since the Connecticut statutes closely resemble and appear to be modeled after the Massachusetts conservation restriction statutes, case law from that state may offer guidance into their interpretation. In Bennett v. Commissioner of Food Agriculture,576 N.E.2d 1365 (Mass. 1991), the Massachusetts Supreme Judicial Court, citing to the Massachusetts' conservation restriction statutes, stated that "the Legislature has recognized the enforceability of certain easements in gross by public officials and charitable entities where the public purpose is clear." Id., 1367, citing to Mass. G.L.c. 184, Sec. 31 and 32. This statement by the court indicates that the restrictions are enforceable by the CT Page 9055 entities that are permitted to hold them, certain public officials and charitable entities.
Under Connecticut's conservation restriction statutes, only governmental bodies or charitable corporations or trusts that have "the power to acquire interests in land" may acquire conservation restrictions, which are considered interests in land. General Statutes Sec. 47-42c. By limiting the entities that may acquire such interests, it follows that the legislature also intended to limit the enforceability of the restrictions to those same entities, namely governmental bodies or charitable corporations or trusts. See Sec. 47-42b and 42c. Additionally, while the legislature saw fit to abrogate certain common law doctrines for conservation restrictions, such as privity of estate, the legislature did not specifically abrogate the common law maxim that "the owner of an easement is entitled to relief upon a showing that he will be disturbed or obstructed in the exercise of his right." (Emphasis added.) Connecticut Light Power Co. v. Holson Co.,185 Conn. 436, 440, 440 A.2d 935 (1981). The language of the statutes shows that the legislature, while recognizing the public benefit that such restrictions provide, intended to limit the enforceability of conservation restrictions to the holder or owner of the restriction.
In this case, the plaintiff attached to his complaint a copy of the conservation restriction, which is in the form of an easement. David Luchs is the grantor of the easement and the grantee is the Connecticut Conservation Association. Thus, the Connecticut Conservation Association is the owner of the easement and is the party intended by the legislature to enforce its provisions. The plaintiff, Peter Burgess, is not the owner of the easement and, thus, is not the proper party to request adjudication of the issues in this case. Nye v. Marcus, 198 Conn. 138, 141,502 A.2d 869 (1985). The plaintiff therefore does not have standing to prosecute this action.
For these reasons, the defendants' motion to dismiss is granted.