[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101
The plaintiff, Patrick Colligan, instituted this action against the defendant, Shock Electrical Contractors, Inc., to recover damages under General Statutes Sec. 31-72 for the defendant's alleged failure to pay his full wages. The defendant now moves to dismiss this action on the grounds that this court lacks subject matter jurisdiction because the plaintiff has no standing to bring this action. The defendant claims that the plaintiff assigned his rights to this claim to the labor commissioner when he signed a claim for wages with the department of labor.
In support of its motion to dismiss, the defendant filed a memorandum of law and supporting documentation. The plaintiff timely filed a memorandum in opposition, his own affidavit and the affidavit of Gary K. Pechie, the Director of Wage and Workplace Standards Division of the Connecticut Department of Labor.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). A motion to dismiss attacks the jurisdiction of the court, "essentially asserting that, the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Standing concerns the legal right of an individual to set the machinery of the courts in operation." (Citations omitted.)Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294,533 A.2d 208 (1987). Standing goes to the court's subject matter jurisdiction, and, thus, a motion to dismiss based on such grounds may be made at any time. Id.
In support of its motion, the defendant argues that when the plaintiff filed a claim for wages with the Connecticut Department of Labor, he assigned his rights to the present cause of action to the labor commissioner. The defendant filed with this motion a copy of the plaintiff's claim form which contains assignment language. Since the plaintiff assigned this claim, the defendant asserts that he has no standing to bring this action. CT Page 10384
The plaintiff, however, contends that the language on the claim form does not amount to an assignment of the plaintiff's right to bring an action under Sec. 31-72. The plaintiff argues that the assignment on the claim form merely assigned a right to collect wages but not his right to bring an action under this section. The plaintiff also submitted the affidavit of a director from the department of labor which states that the assignment language on the claim form was never intended to operate as an assignment of an employee's right of action. Instead, this language was intended to permit the department to act on behalf of an employee, but the enactment of Public Act 89-157 now permits the labor commissioner to act on behalf of an employee without an assignment.
Prior to the enactment of Public Act 89-157, General Statutes Sec. 31-72 stated that "[a]t the request of any worker who has failed to receive payment under the provisions of [sections 31-71a
to 31-71i], the labor commissioner may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to recover the amount provided by this section. . . ." The enactment of P.A. 89-157, however, amended Sec. 31-72 so that the labor commissioner is authorized to collect all wages owed by employers who violate state laws, plus interest, without receiving individual wage assignments from each employee owed. P.A. 89-157(2). Apparently, the labor department never modified its forms after the enactment of P.A. 89-157 to delete the assignment language, which is no longer necessary. This assignment language has no effect on the plaintiff's right to bring an action under Sec. 31-72 because it has no legal effect whatsoever. The purpose of the assignment language on the form was to comply with the former statutory requirement of an assignment. Under the Sec.31-72, as amended by P.A. 89-157, the labor commissioner no longer needs such an assignment from an employee to collect wages under the statute, and therefore the language is obsolete.
Accordingly, the plaintiff has standing to pursue this action and the motion to dismiss is denied.
PICKETT, J. CT Page 10385