[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both defendants move the court to dismiss the plaintiff's action, a suit brought by an unsuccessful bidder who claims the acceptance of the successful bid was based on favoritism or improper bid procedures as evidenced by departures from the municipality's (Trumbull) specifications. The issue boils down to the defendants' motions to dismiss on the ground that this court lacks subject matter jurisdiction. The court grants the defendants' motions to dismiss as the plaintiff an unsuccessful bidder has no standing to bring this action. The plaintiffs' amended complaint is brought in two counts. Count One seeks to protect the public's interest in the public competitive bidding process. The Second Count asserts a claim CT Page 4225-X against EAC for violation of the Connecticut Unfair Trade Practice Act.
Since an unsuccessful bidder acts as a private attorney when it brings suit challenging a bidding award, this bidder is not entitled to monetary damages. The Supreme Court stated that the only reason a potential bidder is afforded standing is to protect the interests of the public. The plaintiff's request for damages in the First Count is improper. The appropriate manner to attack the legal sufficiency of a prayer for relief is by a motion to strike. Practice Book § 152.
A plaintiff must have standing for the court to have jurisdiction. Unisys Corp. v. Department of Labor, 220 Conn. 689,693, 6009, 2d 1019 (1991). A motion to dismiss is the proper manner to assert that the plaintiff does not have standing. Stroiney v. Crescent Lake Tax District, 205 Conn. 290,294, 533 A.2d 208 (1987).
Our Supreme Court has stated: "an unsuccessful bidder has no standing to challenge the award of a public contract."Ardmore Construction Co. v. Freedman, 191 Conn. 497, 501,467 A.2d 674 (1983). Not unlike any other person whose offer has been rejected, the disappointed bidder has no right to judicial intervention. Id. 502.
Plaintiff's argument that Trumbull used secret criteria to decide what bid to accept is unsupported and without merit.
Even if the allegations were proven in the plaintiff's favor, the plaintiff would still lack standing: "an honest exercise of discretion by municipality which has reserved such right will not be disturbed by the courts as long as its officials observe good faith and accord all bidders just consideration with the purpose of competitive bidding."Spinello Construction Co. v Manchester, supra, 189 Conn. 544.
The plaintiff has failed to demonstrate Trumbull's acceptance of EAC's bid resulted from illegal bid procedures and/or favoritism. Therefore, the motions to dismiss on the ground that the plaintiff lacks standing is granted.
BY THE COURT Jack L. Grogins, Judge CT Page 4225-Y