[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Frank Creamer, a retired police of the Town of Greenwich, brings this action against the Town, its First Selectman, the Town Retirement Board and its Chairman, the Town Comptroller, and the Board of Estimate and Taxation and its Chairman (the defendants will be collectively referred to as Greenwich). In his second revised complaint, Creamer alleges that Greenwich has mismanaged the Town pension plan assets and the Town retiree health insurance plan. Creamer claims, among other things, that Greenwich has failed to keep proper records, had allowed the misappropriation of funds, has failed to monitor employee and retiree contributions, has failed to properly invest pension funds and improperly maintained the health insurance plan.
Greenwich has now moved, pursuant to Practice Book § 10-31, to dismiss the complaint for lack of subject matter jurisdiction. Greenwich contends that Creamer is not aggrieved, has not been injured even if the allegations were deemed to be true, and therefore, has no standing to bring this suit.
The court first notes Practice Book § 10-30 requires a motion to dismiss be brought within thirty days of the filing of the defendant's appearance. Our Supreme Court, however, has interpreted the predecessor to Practice Book § 10-30 to authorize a motion to dismiss for lack of subject matter jurisdiction to be filed at any time. Stroiney v. CrescentLake Tax District, 205 Conn. 290 (1987). The standing issue raised by Greenwich involves the right of a party to make use of and set the machinery of the court system in motion. Ganim v. Smith Wesson Corp.,258 Conn. 313, 347 (2001). If a party lacks standing to litigate its claim, the court generally has no jurisdiction over the subject matter of the lawsuit. Id., 346. Therefore, the court will consider Greenwich's motion to dismiss.
The core of Greenwich's argument is that Creamer, as a retiree of the Town, is a participant in a "defined benefit" pension plan and as such, his pension payments are predetermined and not subject to variation even if the allegations of mismanagement, improper investments, etc. are true. Therefore, Greenwich contends that Creamer has not, and will not, suffer any injury therefrom. A similar, if somewhat less clear, argument is made with respect to Creamer's health insurance benefits. CT Page 15080
In the final analysis there may be considerable substance to Greenwich's contentions, at least with respect to the pension issue. However, these contentions regarding the nature and structure of the pension plan and health benefits and the absence of direct injury to Creamer are set forth only in Greenwich's memorandum in support of its motion and are unsupported by any affidavit or other form of admissible evidence. Predictably, they are controverted by Creamer in his memorandum objecting to the motion to dismiss. In this case, the issues of injury and standing will be resolved only when the factual issues are clearly set forth and not on the basis of arguments in legal memoranda. It is notable that neither side presented affidavits which were clearly called for pursuant to Practice Book § 10-31. While resolution of the standing issue does not, as Creamer suggests, necessarily have to wait until trial, it is certainly not ripe for determination at this stage or on this record.[1]
ADAMS, J.