[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #108 AND MOTION TO DISMISS #111
This case arises out of the purchase of a yacht by the plaintiff, Lisa Massad, from the defendant, Steven Wenninger. The complaint was filed by the plaintiff on August 31, 2001, against Wenninger, Eric Jensen d/b/a Jensen Yacht Sales, Thomas Greaves and Essex Marine, Inc. Wenninger, Jensen and Greaves now move to dismiss the plaintiffs complaint on the ground that the plaintiff is bound by the purchase and sale agreement to seek relief through arbitration.
FACTS
The plaintiff filed a five-count complaint on August 31, 2001. In count one, she alleges the following facts. On or about April 13, 2001, the plaintiff executed a purchase and sale agreement for the purchase of a 1986 Carver Mariner from the owner, Wenninger. The plaintiff submitted an offer and executed the agreement through Jensen, who conducts a yacht brokerage business. On April 17, 2001, Greaves performed a marine survey of the vessel. On May 2, 2001, Essex Marine, Inc., performed an engine survey of the vessel. Both Greaves and Essex Marine, Inc., were hired by Jensen. On May 26, 2001, the date of the closing, Jensen informed the plaintiff that he would be the seller of the vessel. At the closing, Jensen promised the plaintiff that $2,700 of the purchase price would be held in escrow for certain repairs, including proper operation of the generator and water system. An acceptance was later executed by all parties concerned on May 20, 2001, containing the terms of the escrow agreement, requiring that the domestic water system and generator be CT Page 3219 repaired. Jensen also promised at the closing that he would supply the vessel with a working synchronizer and global positioning system.
After the closing, Jensen failed to make the required repairs. Consequently, the plaintiff demanded the money be released from the escrow account so that she could make the necessary repairs. The plaintiff alleges, in count one, that Jensen refused to release the money or make the repairs, causing her to suffer financial loss.
In the second count, the plaintiff alleges that Jensen violated the Connecticut Unfair Trade Practice Act by initially acting as her broker and, later, as the seller. In the third count, the plaintiff alleges negligence against Greaves. She alleges that she purchased the vessel in reliance on Greaves' survey report and that she later learned of at least twenty items in need of repair that were not in the report.
In the fourth count, the plaintiff alleges negligence against Essex Marine, Inc., and claims that its report on the engine was inaccurate. She alleges that Essex Marine, Inc.'s report incorrectly stated that there were only minor problems with the engine, when in actuality major problems existed. The plaintiff also alleges that the report failed to include all the problems that existed regarding the engine.
In the fifth count, the plaintiff alleges a breach of contract against Wenninger. She alleges that Wenninger breached the purchase and sale agreement by failing to provide an operating global positioning system. She also claims that Wenninger breached the escrow agreement in the acceptance by failing to have an operating generator and domestic water system on the vessel. The plaintiff alleges that she demanded that the funds from the escrow account be released and used to pay for replacing the global positioning system and repairing the generator and domestic water system. She alleges that Wenninger has refused to release her escrow funds and has not replaced or paid for the generator, the domestic water system or the global positioning system.[1]
On October 18, 2001, Jensen filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because the terms of the purchase and sale agreement state that the plaintiff has to bring the matter to arbitration. He attached a copy of the purchase and sale agreement and the escrow agreement to his memorandum of law in support of his position. On November 7, 2001, the plaintiff filed an objection to Jensen's motion to dismiss.[2]
On November 19, 2001, Wenninger and Greaves filed a motion to dismiss, which is similar to Jensen's motion to dismiss, for lack of subject matter jurisdiction. They also filed a memorandum of law in support of CT Page 3220 their position that the plaintiff cannot bring the present cause of action because she is bound by the terms of the contract to resolve the matter through arbitration. The plaintiff filed separate objections[3]
to the motion to dismiss brought by Wenninger and Greaves on December 20, 2001.
 DISCUSSION
Pursuant to Practice Book § 10-30, "[a]ny defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss. . . ." "[A] motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). It admits all facts well pleaded; Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); and looks at the facts in the light most favorable to the plaintiff. Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). A motion to dismiss based on lack of subject matter jurisdiction can "be made at any time."Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294, 533 A.2d 208
(1987). When subject matter jurisdiction is contested, the plaintiff bears the burden of proving that it exists. Fink v. Golenbock,238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996).
 A. Motion to Dismiss #108
Jensen argues that the motion to dismiss should be granted because the court lacks subject matter jurisdiction. He argues that the plaintiffs claims against him must be resolved through arbitration because they relate to the purchase and sale agreement which contains a mandatory arbitration clause. Specifically, Jensen asserts that the escrow agreement relates to the purchase and sale agreement and therefore, any claims arising out of the escrow agreement must be arbitrated.
In response, the plaintiff argues that the motion to dismiss should be denied because Jensen is not a party to the purchase and sale agreement. The plaintiff argues that the purchase and sale agreement was between herself and Wenninger and has no bearing on her action against Jensen. She asserts that since Jensen was not a party to the purchase and sale agreement, she is not bound to resolve her claims against him through arbitration. CT Page 3221
"It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises" or terms of the contract. (Internal quotation marks omitted.) Tomlinson v.Board of Education, 226 Conn. 704, 718, 629 A.2d 333 (1993). The terms of the purchase and sale agreement, therefore, bind only the parties to the agreement, mainly the plaintiff and Wenninger. Thus, since Jensen is not a party to the purchase and sale agreement, the plaintiff does not have to resolve her claims against him through arbitration.
Jensen argues, however, that the mandatory arbitration clause applies to the escrow agreement because the escrow agreement relates to the purchase and sale agreement. Jensen rests his argument on the language of paragraph twelve of the purchase and sale agreement, entitled "ARBITRATION OF DISPUTES," which reads in relevant part: "Any dispute, controversy or claim relating to this Agreement, including but not limited to the interpretation thereof, or its breach or existence which cannot be resolved amicably by the BUYER and SELLER shall be referred to arbitration which shall be the sole and exclusive forum for resolution and settlement of any dispute controversy or claim between the parties."
"A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) Tallmadge Bros., Inc. v. Iroquois GasTransmission System L.P., 252 Conn. 479, 498, 746 A.2d 1277 (2000).
In the present case, the language of the arbitration clause is unambiguous. The plain language of the arbitration clause demonstrates that arbitration only applies to claims arising out of the purchase and sale agreement between the parties to the contract who are the buyer and the seller. The contract designates the plaintiff as "BUYER," and Wenninger as "SELLER." The contract contains signature lines for only the "BUYER" and the "SELLER," and is in fact signed only by the plaintiff and Wenninger. Furthermore, in paragraph fourteen, the agreement states: "This Agreement shall . . . b. constitute the entire Agreement between the BUYER and SELLER . ., and may not be changed or added to except by agreement in writing and signed by the parties to be bound." The acceptance containing the escrow agreement was signed and executed after the agreement was executed and is not incorporated into the agreement. CT Page 3222 There is no indication that the parties to the agreement, the plaintiff and Wenninger, agreed to incorporate the terms of the escrow agreement with the purchase and sale agreement. The arbitration clause in the purchase and sale agreement, therefore, does not apply to the escrow agreement or the terms of the escrow agreement. As such, Jensen has no right to enforce the arbitration clause.
Since Jensen is not a party to the purchase and sale agreement and the escrow agreement is not part of the purchase and sale agreement, he has no right to enforce the terms of the purchase and sale agreement. Through the plain language of the purchase and sale agreement, the arbitration clause applies only to those who are parties to the contract. As such, the plaintiff does not have to resolve her claims against the Jensen through arbitration. The court, therefore, has subject matter jurisdiction over the plaintiffs claims asserted against Jensen.
 B. Motion to Dismiss #111
Wenninger and Greaves argue that the plaintiff's claims should be dismissed because the court lacks subject matter jurisdiction. Similar to Jensen, they argue that the plaintiffs claims concerning the escrow agreement relate to the purchase and sale agreement, and therefore should be resolved through arbitration. Specifically, Wenninger argues that the fifth count of the complaint, which is a breach of contract claim, should be dismissed because it relates to the purchase and sale agreement, which requires arbitration. Greaves argues that the third count, sounding in negligence, should be dismissed because it refers to the purchase and sale agreement and, therefore, must be arbitrated.
The plaintiff argues that she is not required to arbitrate any of the claims against the defendants. The fifth count of the complaint is a breach of contract claim against Wenninger. The fifth count could be read as alleging breaches of both the purchase and sale agreement and the escrow agreement because both agreements are mentioned in that count. For example, the plaintiff seems to allege that Wenninger breached the purchase and sale agreement by not providing a global positioning system and the escrow agreement by not providing a domestic water system and a generator. The plaintiff, however, has repeatedly stated that she is only claiming breach of the escrow agreement.[4] The plaintiff further alleges that Wenninger breached the escrow agreement by not returning the money in the escrow account. The plaintiff argues that the breach of contract claim arises out of the escrow agreement and, therefore, she does not have to arbitrate the claim. Similarly, she argues that the arbitration clause does not apply to the negligence count against Greaves CT Page 3223 because it does not arise out of either the purchase and sale agreement or the escrow agreement. Also, since Greaves is not a party to either contract, the plaintiff argues that he cannot enforce their terms, specifically the arbitration clause.
The escrow agreement states: "VESSEL IS ACCEPTED UNDER THE FOLLOWING TERMS[:] AN ESCROW AMOUNT OF $2,700.00 WILL BE HELD BY THE SELLING BROKER TO MAKE REPAIRS TO THE FOLLOWING ITEMS. PORT ENGINE INBOARD EXHAUST LEAK[;] PROPER OPERATION OF THE GENERATOR[;] PROPER OPERATION OF THE WATER SYSTEM[.] IF VESSEL REPAIRS ARE NOT MADE BY TIME OF THE CLOSING, REPAIRS ARE TO BE FINISHED AT BUYERS MARINA IN NIANTIC. IF REPAIRS ARE NOT COMPLETED BY 8/1/01, buyer will contract with his marina TO COMPLETE WORK LISTED ABOVE AND DEDUCT FROM ESCROW AMOUNT." This document is signed by Wenninger. The plain language of the escrow agreement contract dictates that Wenninger must supply these items or release the money in the escrow. Nothing in the purchase and sale agreement mentions that Wenninger must provide a global positioning system, a domestic water system and a generator. As stated above, the arbitration clause of the purchase and sale agreement applies only to claims arising out of the purchase and sale agreement between the plaintiff and Wenninger. The plain language of the agreement demonstrates that there is nothing outside of the purchase and sale agreement that is part of the contract. The escrow agreement, therefore, is not part of the purchase and sale agreement. See Purchase and Sale Agreement, ¶ 14; see also Four D's, Inc. v.Mattera, 25 Conn. App. 308, 313, 594 A.2d 484 (1991). The plaintiff is not bound by the arbitration clause to resolve her breach of contract claim against Wenninger through arbitration. Therefore, the court has subject matter jurisdiction, and the motion to dismiss is denied.
Greaves argues that the third count of the complaint expressly refers to the purchase and sale agreement and, therefore must be resolved through arbitration. The third count arises out of a negligence claim, in which the plaintiff alleges that Greaves breached a duty owed to her by failing to include in his report certain items in need of repair. This claim does not arise out of the purchase and sale agreement. Thus, the arbitration clause does not apply to the negligence count. Furthermore, since Greaves is not a party to the purchase and sale agreement, he cannot enforce the arbitration clause. See Tomlinson v. Board ofEducation, supra, 226 Conn. 718. The court, therefore, has subject matter jurisdiction over the claims against Greaves.
 CONCLUSION
None of the claims that the plaintiff asserts against Jensen, Wenninger and Greaves arise out of the purchase and sale agreement. Moreover, Jensen and Greaves cannot enforce the arbitration clause because they are CT Page 3224 not parties to the purchase and sale agreement. As such, the arbitration clause does not apply to the claims against Jensen, Wenninger and Greaves. Therefore, the court has subject matter jurisdiction, and the motions to dismiss are denied.
Martin, J.