[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises from the plaintiffs refusal to pay his state income taxes. On July 16, 2001, the plaintiff, Christopher Saunders, filed a complaint against the defendants, Gene Gavin, Scott Anderson, Joseph Humble and Hans Spalter, alleging abuse of process and unlawful debt collection. The plaintiff alleges that despite the fact that he filed an exemption with the tax collector, the defendants garnisheed his wages pursuant to a tax warrant. As a result of this garnishment, the plaintiff alleges that he suffered mental distress and was unable to perform properly his duties at his place of employment. Further, the plaintiff alleges that the defendants acted with malicious intent to cause him embarrassment.
The defendants' counsel filed an appearance in this case on July 27, 2001. On November 29, 2001, pursuant to Practice Book § 10-30, the defendants filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiffs claims are barred by the doctrine of sovereign immunity. On December 10, 2001, the plaintiff filed an objection to the motion to dismiss arguing that the doctrine of sovereign immunity does not apply in this case and that the defendants failed to comply with the requirements of Practice Book § 10-30 by not filing their motion within thirty days of filing an appearance. On the same day, the plaintiff also filed a motion to amend the complaint.
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a CT Page 8629 matter of law and fact state a cause of action that should be heard by the court. . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.) Kizis v.Morse Diesel International, Inc., 260 Conn. 46, 51, ___ A.2d ___ (2002).
The court first rejects the plaintiffs argument that the defendant's motion to dismiss is untimely. Although Practice Book § 10-30
requires a motion to dismiss be brought within thirty days of the filing of the defendants' appearance, Practice Book § 10-33 states that "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." See also Figueroa v. C SBall Bearing, 237 Conn. 1, 4-5, 745 A.2d 845 (1996) ("Subject matter jurisdiction . . . cannot be created through consent or waiver." [Internal quotation marks omitted.]). Our Supreme Court has interpreted this section to authorize a motion to dismiss for lack of subject matter jurisdiction to be filed at any time. Stroiney v. Crescent Lake TaxDistrict, 205 Conn. 290, 294, 533 A.2d 208 (1987); see also Dowling v.Slotnik, 244 Conn. 781, 788, 712 A.2d 396 (1998) ("requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings"). Thus, because the defendants' motion to dismiss raises the issue of subject matter jurisdiction, the court must address it whenever brought.
The court also cannot consider the plaintiffs motion to amend the complaint, a motion apparently made in an attempt to cure the jurisdictional defect. In Federal Deposit Ins. Corp. v. Peabody, N.E.,Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996), the Supreme Court held that it was error for a trial court to have acted upon a third party plaintiffs motion to amend the third party complaint before ruling on a motion to dismiss asserting lack of subject matter jurisdiction. The third party plaintiff in Federal Deposit Ins. Corp. v. Peabody, N.E.,Inc., supra, moved to amend its third party complaint after the third party defendants had filed a motion to dismiss for lack of subject matter jurisdiction. Id., 96-97. The trial court granted the motion to amend and denied the motion to dismiss. Id., 97. On appeal, the Supreme Court stated that "it was . . . inappropriate for the trial court to consider [the third party plaintiffs] amended third party complaint, rather than its initial complaint, when acting on the state's motion to dismiss for lack of subject matter jurisdiction. . . ." Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . (Citations omitted; internal quotation CT Page 8630 marks omitted.) Id., 99; see also Gurliacci v. Mayer, 218 Conn. 531,545, 590 A.2d 914 (1991). Accordingly, the court must review the original complaint in deciding on the motion to dismiss. After reviewing the complaint, the court finds that this action must be dismissed.
"[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 168, 749 A.2d 1147
(2000); see also Witczak v. Gerald, 69 Conn. App. 106, 111, 793 A.2d 1193
(2002). "It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. . . . Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." (Citation omitted; internal quotation marks omitted.) Shay v.Rossi, supra, 253 Conn. 168-69. "In those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiffs right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . Where . . . no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." (Citations omitted; internal quotation marks omitted.) Id., 169; see also Antimerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994).
In support of their motion, the defendants argue that they are all employees of the Department of Revenue Services acting pursuant to a state statute, General Statutes § 12-35, and, therefore, the doctrine of sovereign immunity applies. Although the plaintiff in opposition argues that § 12-35 is unconstitutional and that the defendants have acted in excess of their statutory authority, the complaint contains no allegations that the defendants were acting in any capacity other than as state officers enforcing the tax laws of Connecticut. "In order to overcome sovereign immunity, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they must also allege or otherwise establish facts that reasonably support those allegations." Shay v. Rossi, Supra, 253 Conn. 174-75. In this case, the plaintiff has not alleged sufficient facts to establish a substantial claim that any of the defendants either acted pursuant to an unconstitutional statute or in excess of statutory authority. In the absence of such allegations, the doctrine of sovereign immunity applies.Antinerella v. Rioux, supra, 229 Conn. 489. Accordingly, the defendants' CT Page 8631 motion to dismiss for lack of subject matter jurisdiction is granted.
Peck, J.