[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
After the plaintiff revised its complaint pursuant to this court's order to state the facts that it alleges constitute its loss from the defendant's alleged violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110a et seq., the defendant moved to strike the revised complaint. The defendant asserts, among other arguments, that the plaintiff fails to state a cause of action under CUTPA.
Some procedural history is necessary. In a ruling issued on December 13, 2001, this court dismissed for lack of standing those claims of violation of CUTPA that the plaintiff Connecticut State Medical Society ("the Society") made as a representative of its members. The court found, however, that the Society had standing to assert claims of direct injury to itself. This court noted that the broad allegations of the complaint and the requirement that allegations be construed in the manner most favorable to the pleader in the context of a motion to dismiss precluded acceptance of the defendant's argument that the plaintiff could not allege any actual direct injury to itself. The court therefore denied the defendant's motion to dismiss the plaintiffs claim that it had been directly damaged by a CUTPA violation. The Society revised its complaint on May 13, 2002, to identify the injury for which it seeks relief, and it continues to restrict its prayer for relief to injunctive relief, with no claim for money damages.
Since this court's ruling on the motion to dismiss, the Connecticut Supreme Court has provided additional guidance on the issue of standing to assert a cause of action under CUTPA.
Allegations
In its Second Amended Complaint, the Society alleges that it brings the action
CT Page 13594
on its own behalf to enjoin the defendant from engaging in the numerous unfair and deceptive acts and practices, identified herein, which are designed to delay, deny, impede and reduce lawful reimbursement to CSMS [ (the Society)] physicians who are participating physicians in defendant's network and who have rendered medically necessary health care services to members of defendant's managed care plans.
The Society identifies the unfair and deceptive practices as failing to pay for multiple services if they were performed by a physician at the same visit ("bundling"), assigning erroneous payment codes to the services performed, denying payment for medically necessary care by limiting payment to artificial guidelines, failing to provide adequate staffing to respond to physicians' inquiries, paying claims late and refusing to pay interest, and "requir[ing] CSMS physicians to enter into one-sided physician agreements [that]. . . . allow defendant to take unfair advantage of CSMS physicians, which, in turn, requires CSMS to devote significant resources it otherwise would not have to expend, attempting to deal with issues concerning defendant's unfair practices."
The injury that the Society claims to itself, rather than to its members, is "frustrat[ion] . . . in its efforts to achieve its organizational purpose," and requiring the Society to expend time and money on the following activities:
 — communicating with and counseling Oxford enrollees regarding the practices alleged to be unfair;
 — communicating with county medication associations in Connecticut and with the American Medical Association regarding the practices alleged to be unfair and deceptive in an effort to devise ways to counteract the adverse impact on physicians;
 — communicating with state officials about the practices alleged to be unfair and deceptive, and their impact on physicians;
 — retaining counsel to try to obtain legislation to address the adverse impact of the practices alleged to be unfair and deceptive;
— suffering loss of money to fund the Society's CT Page 13595 operations because of reluctance to raise dues to physician members whose income is reduced by the practices claimed to be unfair and deceptive;
 — diverting of staff and budgetary resources to addressing the defendant's practices and from accomplishment of its organizational goal to promote high medical standards and the physician-patient relationship.
(Second Amended Complaint, paragraphs 10-13.)
Standard of Review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Vacco v. Microsoft Corp., 260 Conn. 59, 65 (2002); Sherwood v.Danbury Hospital, 252 Conn. 193, 213 (2000); Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-215 (1992); Ferryman v.Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. The role of the trial court is to examine the complaint, construed in favor of the pleader, to determine whether the pleader has stated a legally sufficient cause of action. Suffield Development Associates Ltd. Partnership v.National Loan Investors, L.P., 260 Conn. 766, 772 (2002); ATC Partnershipv. Windham, 251 Conn. 597, 603, cert. denied, 530 U.S. 1214 (1999); Doddv. Middlesex Mutual Assurance Co., 242 Conn. 375, 378 (1997); Napoletanov. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33, cert. denied, 520 U.S. 1103 (1996).
In adjudicating a motion to strike, the court must construe the facts alleged in the complaint in the maimer most favorable to the plaintiffVacco v. Microsoft Corp., supra, 260 Conn. 65; Gazo v. Stamford,255 Conn. 245, 260 (2001); Bohan v. Last, 236 Conn. 670, 675 (1996);Sassone v. Lepore, 226 Conn. 773, 780 (1993); Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The requirement of favorable construction does not extend, however, to legal opinions or conclusions stated in the complaint, but only to factual allegations and the facts "necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993).
The issue of standing may be closely related to the issue whether a plaintiff has stated a cause of action upon which relief may be granted. "Standing concerns the legal right of an individual to set the machinery of the courts in operation." Belford v. New Haven, 170 Conn. 46, 52-53
CT Page 13596 (1975), overruled on other grounds, Manchester Environmental Coalitionv. Stockton, 184 Conn. 51 n. 7 (1981). The issue of standing goes to the subject matter jurisdiction of the court, an issue that can be raised at any time. Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294
(1987).
Does the Society State a Cause of Action Under CUTPA?
At the time the parties briefed the motion to dismiss, the Connecticut Supreme Court had not yet decided Ganim v. Smith Wesson Corp.,258 Conn. 313 (2001), and the defendant therefore did not rely on the holding in that case concerning the invocation of CUTPA to address a remote injury or an injury that was derived from an injury to another. Now that the plaintiff has amended its complaint to state specifically what its claim of injury is, the defendant asserts that the claim of injury is remote from the actions claimed to constitute an unfair or deceptive trade practice. The defendant further asserts that the injury that the plaintiffs allege is not a direct injury to the plaintiff but an injury derived from an injury to the plaintiffs members. The defendant therefore contends that the plaintiff has failed to state a cause of action under CUTPA because that statute does not provide a remedy to those who suffer remote, indirect or derivative injuries.
In Ganim, the City of Bridgeport and its mayor alleged that the City was being injured as a result of the defendant gun maker's alleged sale of guns to individual buyers with reason to know that the guns would be resold and used to commit crimes. The Ganim plaintiffs also alleged that the defendant sold guns without safety devices to prevent misuse by unintended users. The plaintiffs alleged that these actions were immoral and unscrupulous and violated CUTPA. The injury that the plaintiffs claimed they had suffered was
 irreparable harm and financial harm, including additional expenses for police services, emergency services, and expenses for pension benefits, health care, social services and necessary facilities. In addition, as a result it has suffered loss of investment, economic development and tax revenues due to lost productivity. One particular harm that Bridgeport has suffered is the victimization of its citizens, particularly its children, who are injured or killed because of the alleged conduct of the defendants.
Ganim v. Smith Wesson Corp., supra, 258 Conn. 327. Like the CT Page 13597 plaintiff in the instant case, the plaintiffs in Ganim thus alleged that a violation of CUTPA was causing it to have to expend money for services and to divert its resources to addressing the results of the alleged unfair trade practice.
The Connecticut Supreme Court rejected the notion that any loss that has its origin in a CUTPA violation in a "but for" sense is actionable under CUTPA. The Court ruled that "[t]he only sensible conclusion is that CUTPA, like other statutory and common-law claims, is subject to the remoteness doctrine as a limitation on standing." Ganim v. Smith Wesson Corp., supra, 258 Conn. 373. While the Court ruled in the context of a motion to dismiss for lack of standing, its analysis makes clear its determination that a party claiming an injury that is remote or derivative does not state a cause of action under CUTPA.
CUTPA provides a cause of action to a party who suffers an "ascertainable loss" as a result of an unfair trade practice. Conn. Gen. Stat. § 42-110g. The "ascertainable loss" language replaced a version of CUTPA that limited the cause of action to "[a]ny person who purchases or leases goods or services. . . ." Public Acts 1973, No.73-615 § 7. Very recently, in Vacco v. Microsoft Corp., supra, 260 Conn. 87, the Connecticut Supreme Court ruled that in enacting the "ascertainable loss" language "the legislature did not intend to displace the remoteness doctrine as a standing requirement with CUTPA's ascertainable loss requirement."
The plaintiff in Vacco was an end-user of computer software. He alleged that by requiring installation of Windows 98 software into an Intel-based personal computer and by requiring the end user to acquire the Windows 98 software as a licensee and not as a purchaser, defendant Microsoft Corporation caused the plaintiff to suffer an ascertainable loss. The Court reasoned that under the plaintiffs interpretation of CUTPA, all persons or entities in the chain of distribution of Windows 98 would have standing to pursue CUTPA claims predicated on the defendant's conduct, as long as they could demonstrate that the defendant's allegedly illegal overcharge was either wholly or partially passed on to them. The Court concluded that the legislature had not intended to create a cause of action under CUTPA that covered all such remote effects, and it rejected the plaintiffs claim.
The plaintiff has argued that federal courts have construed federal statutes prohibiting housing discrimination to create a cause of action that can be asserted by organizations that are indirectly affected by violations of the rights of individuals who consult with those organizations. See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982). CT Page 13598 The plaintiffs have cited no case in which a statute other than a federal housing statute enacted to deter racial discrimination has been construed to provide a cause of action to a party that suffers only indirect effects from the violation of the statute.
The arbiter of the scope of the Connecticut regulatory statute on which the plaintiff relies is the Connecticut Supreme Court. In the face of two clear rulings by the Connecticut Supreme Court construing CUTPA in a manner that does not provide a cause of action to a party that suffers remote or derivative effects from a violation, this court finds that it is bound to conclude that the plaintiff in the instant case has failed to state a cause of action under CUTPA.
Conclusion
For the foregoing reasons, the defendant's motion to strike the plaintiffs revised complaint is granted.
Beverly J. Hodgson Date Judge of the Superior Court CT Page 13599